WATSON and another *against* CLEVELAND and wife :

IN ERROR.

The testator, after making certain bequests to each of his children, devised the *residuum* of his estate to his daughter *L*, and appointed his two sons, *H* and *M*, trustees of such estate, directing, that they should have the entire management thereof, at their discretion, for the benefit of his daughter *L*, during her natural life ; and whatever of said estate should remain in the hands of said trustees, at her decease, should go to his grandson, subject to certain limitations. The trustees accepted the trust under the will, paid over to the *cestui que trust*, a part of the interest accrued on the trust fund, and then, without any fraudulent intent, withheld the residue, amounting to 311 dollars, though she was, a part of the time, in necessitous circumstances. On a bill in chancery, brought by *L* and her husband against the trustees, to compel them to pay over the arrears of interest accrued on the trust fund, it was held, 1. that by the will, the estate given to the daughter, was to be managed, by the trustees, for her benefit; 2. that the management conferred, embraced only such controul over it as was necessary to render it productive ; 3. that consequently, the daughter was entitled to receive, annually, the net income of the fund ; 4. that as the will contemplated also the contingency, that some part of the estate itself, *i. e.* the *principal* of the fund, might be wanted by her, and expended for her benefit, the court, in a proper case, would sanction such application.

THIS was a bill in chancery, brought by *Cleveland* and wife against *Harvey Watson* and *Milo Watson*, trustees under the will of *Levi Watson*, deceased, praying that the defendants be compelled to pay over to *Lucy C. Cleveland*, one of the plaintiffs, the arrears of interest accrued on the trust fund in their hands.

On the 4th day of *June*, 1841, *Levi Watson*, father of *Lucy C. Cleveland*, made his will, containing the following provisions. After making certain bequests to each of his surviving children, he adds : " And all the rest and residue of my property I give to my daughter, *Lucy C. Cleveland*, directing her to be at the expence of a monument similar to that at my deceased wife's grave ; and I do hereby constitute and appoint my two sons, *Harvey Watson* and *Milo Watson*, trustees of all the estate given herein to my said daughter, *Lucy C. Cleveland*, with the power of substituting other trustees, by them or the survivor of them ; and it is my direction that my said trustees have the entire management of the estate herein given to my said daughter *Cleveland*, at

their discretion, for her benefit, during her natural life; and whatever may remain of said estate in the hands of my said trustees, at the decease of my said daughter *Cleveland,* it is my will that it be given to my grandson, *John Robert McDowell Cleveland,* if he shall arrive at the age of twenty-one years; otherwise, it is my will, that it go to the lawful heirs of my said daughter *Cleveland.*"

*Litchfield,*
June, 1852.

Watson
*v.*
Cleveland &
ux.

After the death of the testator, the defendants accepted the trust under the will; but withheld from Mrs. *Cleveland,* though without any fraudulent intent, a part of the annual interest which had accrued upon the residuum fund devised to her. In the years 1846 and 1847, she was, some portion of the time, sick, and needed assistance; but no physician's bill, or other bills of any considerable amount, accrued in consequence of such sickness. Of the annual interest received by the defendants from the trust fund in their hands, there remained, on the 21st of *August,* 1851, the sum of three hundred and eleven dollars, fifty-five cents, which, it was agreed, the plaintiffs were entitled to recover, if, by the terms of the will, Mrs. *Cleveland* was entitled to have appropriated, for her benefit, the amount of the annual interest accruing on the trust fund. The court decided this question in favour of the plaintiffs; and thereupon passed a decree, requiring the defendants to pay over the sum above-mentioned to the plaintiffs.

To obtain a reversal of this decree, the defendants filed a motion in error, and had the record brought before the superior court; in which it was reserved for the advice of this court.

*Hall,* for the plaintiffs in error, remarked, that the court below, in its decision, proceeded mainly, if not wholly, upon the idea, that by the provisions of the will, the *cestui que trust,* irrespective of her necessities, and as *a matter of course,* was entitled to demand, annually, the payment to her of the interest of the fund, and that the trustees were bound to pay it. This construction of the will, he contended, was wrong; for it wholly destroys the "*discretion,*" with which, by the express terms of the instrument, the trustees are invested. The testator directs, *in totidem verbis,* that the trustees shall have the "*entire management* of the estate" given to his

daughter, " at their *discretion,*" for her benefit, during her natural life.    He no more directs the payment of the *interest* annually, than that the *principal* shall be paid in full, and on demand.    He directs neither, as *a matter of course ;* but commits the whole subject to the management and discretion of the trustees ; with the exercise of which, especially if honest and conscientious, this court will not interfere. *Leavitt* v. *Beirne,* 21 *Conn. R.* 1.

*H. B. Graves* and *G. H. Hollister,* for the defendants in error, contended, 1. That the county court, by its decree, having found, that the trustees have neglected and refused to pay the annual interest accruing on the fund, or to appropriate it for the benefit of Mrs. *Cleveland,* notwithstanding her wants, and frequent demands on them for it, the trustees stand convicted of an abuse of their office, and are therefore liable to be called on, by a court of chancery, to pay over the interest remaining in their hands.

2. That by the terms of the trust, the trustees were to manage the fund, and apply it *for the benefit* of Mrs. *Cleveland*—at their discretion, it is true—but still they were bound to appropriate the fund *for the benefit* of Mrs. *Cleveland,* in some way.

The trust was created *for the benefit* of Mrs. *Cleveland ;* and unless this construction is right, the will of the testator would be defeated.    Evidently, the testator contemplated, by this trust, to make a permanent provision for the support of his daughter, and, at the same time, to place it out of the power of her husband and his creditors.    But can it be supposed, that the testator meant to give the trustees the right and power of locking up the fund, to the entire exclusion of Mrs. *Cleveland?*

3. That the words giving to the trustees the entire management of the fund, are to be taken in connexion with what immediately follows—"at their  discretion, *for her benefit.*" The testator gives to the trustees the power, and directs them to use their discretion in applying the funds for her benefit, and makes them answerable for a reasonable exercise of judgment in that respect ;  and that is all :—nowhere does he direct the trustees, under any circumstances whatever, to withhold the benefits of the fund from Mrs. *Cleveland ;* but,

on the contrary, the will expressly provides, that Mrs. *Cleveland* shall be benefitted, "during her natural life," by this fund, to be managed and applied, at the discretion of the trustees.

The will is to be construed liberally in favour of the donee. Such is the rule of law, on the subject. *Imlay* v. *Huntington*, 20 *Conn. R.* 147.

4. That by the finding of the county court, it appears, that Mrs. *Cleveland's* condition was, and has been, such as to need the annual interest accruing on the fund, for her comfortable support and maintenance ; and that the trustees have only allowed her, at the rate of about thirteen dollars a year, since her father's decease ; and since *May*, 1847, have wholly refused to pay her any money, or to put in exercise their discretion, by way of making any disbursements on her account, although she has made demand for it, each year. If they can, therefore, withhold the benefit of this fund from Mrs. *Cleveland* five years, may they not do it forever? We cannot believe, that such a monstrous doctrine will receive the sanction of this court.

5. That the testator, by his will, not only intended that his daughter should have the *interest* accruing on this fund, but that the trustees should appropriate the *principal*, if the circumstances of Mrs. *Cleveland* required it ; for he provides, that " whatever may remain of said estate, at the decease of Mrs. *Cleveland*, it is my will, that it be given to my grandson."

Church, Ch. J. The bequests and directions in the last will and testament of *Levi Watson*, deceased, furnish the only rule of decision in this case; for by the finding of the county court, no extraneous facts appear, which can guide our judgment, except that the trustees, who are the defendants below, refuse to pay to the plaintiffs the accruing income given to the wife, by said will.

The trustees have, with good intentions, assumed to direct the appropriation and expenditure of the income of the fund, in their hands, which was given to Mrs. *Cleveland*, by the will of her father, and, at their discretion, have withheld from her such portions of said income, and at such times, as they pleased. This has been done by them, under a mista-

*Litchfield,*
June, 1852.

Watson
*v.*
Cleveland &
ux.

ken view of the powers conferred upon them, by the will. The authority thus conferred, was, " the entire *management of the estate* given to Mrs. *Cleveland*, at their discretion, for her benefit, during her natural life." By the management of the estate, was only meant, the controuling of the property, to the end that income and profit should be derived from it ; such as leasing it, investing, securing, collecting, &c. There is no intimation in the will, that the trustees are to act the part of guardians of Mrs. *Cleveland*, and direct her expenditures of the income of the property thus invested and managed for her use ; or to substitute their discretion for hers, in regard to the wants of herself and her family. The estate is to be managed for *her benefit*, during her life, and not for the purpose of securing a surplus and an accumulating income, for the benefit of the testator's grandson, named in the will. He is to receive, on the death of his mother, if he survives her, only whatever *may remain of the estate* in the hands of the trustees, that is, of the estate so given to them in trust. To ensure Mrs. *Cleveland* the benefit of the estate, during her life, she must receive at least the annual net income of it ; otherwise, the purpose of the testator will be defeated ; for he never intended to give to the trustees a discretionary power to withhold the whole, or any part of such income ; so far from this, he contemplated the contingency that some part of the estate itself, the principal of it, might be wanted by, and expended for, the benefit of his daughter. She was his first care ; his grandson could receive only the *residuum*. It seems to us, that the trustees would reverse this intention, and would accumulate a fund from the proceeds of this estate for the benefit of the grandson, at the expence of the daughter. In the case of *Beirne* v. *Leavitt*, 21 *Conn. R.* 1. the testator, after devising a portion of his estate to his daughter, for the use of herself and her children, gave express authority to his trustees, not only to manage the estate, but also to apply the property and proceeds as to them should seem best. He made his trustees, in a measure, conservators over his daughter and her family ; and it was on this ground alone, that this court decided, that the trustees might withhold the funds and refuse payment of her debts contracted without their approbation. The distinction between the two cases is manifest.

We must advise, that there is no error in the decree of the county court.

In this opinion the other judges concurred.

Judgment affirmed.