HARLIN J. WOODWARD, by FRANK E. SMITH, his Guardian, Appellant, v. JULIA L. JAMES, Individually and as Executrix, etc., of FREDERICK P. JAMES, Deceased, Respondents and Appellants.

*Will — when a trust will be created by implication — when collateral devisees take per stirpes and not per capita — when a grand-nephew cannot take personal property under a gift to the testator's legal heirs.*

Frederick P. James, who died leaving him surviving a widow, one brother and two sisters, nephews, nieces and a grand-nephew, left a will by which he gave and bequeathed to his wife, for her sole use, enjoyment and benefit during her life, without restraint, deduction or interference in any manner, one-half the income of all his property, the use, enjoyment, rental and occu-

pation of two residences belonging to him, and also gave to her, absolutely, all his household furniture, pictures, etc. He gave, devised and bequeathed to his "legal heirs" the remainder of the income from his property during the life of the wife, after payment of all charges, and the reversion and ownership of all his estate and property, after the death of his wife, with the reservation, exception and direction that in the event of any of his legal heirs making any attempt, directly or indirectly, in any form, to interfere with or restrain in any manner his wife from the full enjoyment, use, management, direction and disposition of the property and income of his estate as therein devised, then such legal heirs should be forever debarred from any part or interest or inheritance in any part of the property, and should be excluded therefrom. He appointed his wife executrix.

*Held,* that a valid trust was created by the will for the life of the wife, which authorized her to receive the rents, issues and profits of the estate, and apply the same as directed in the will.

That the collateral relatives took *per stirpes* and not *per capita.*

That the plaintiff, a grand-nephew, was not entitled to share in the personal property, as the testator intended that the property should go to his collateral relatives, as in case of intestacy.

*It seems,* that the plaintiff had not by bringing this action debarred himself from sharing in the property under the prohibitory clause contained in the will, not only upon the ground that he was an infant but also upon the further ground that the action itself was not, in its scope and purpose, intended to defeat the known and established intention of the testator, but to obtain an adjudication as to what that intention was.

Appeal by the plaintiff, Harlin James Woodward, and by the defendants, Henry A. James, Honorah C. James, Howard L. James, Horace E. James, Julia W. Phillip and Virginia P. Kean, from that portion of the judgment of the Special Term, construing the will of Frederick P. James, deceased, which decides, first, that the defendant Julia C. James is entitled to one-half the gross income of the estate; and second, that the devisees take *per stirpes* and not *per capita,* and third, that the will creates a valid trust in the executrix.

The testator left surviving him only his widow, Julia L. James, one brother and two sisters, five nephews, four nieces and the plaintiff herein, who is his grandnephew. He left neither father, mother nor descendants. The material parts of the will are as follows:

"I give and bequeath to my beloved wife Julia, for her sole use, enjoyment and benefit during her life, without restraint, deduction or interference in any manner whatever, as follows: First. One-half the income of all my property of every kind, of

which I may die possessed. Second. The use, enjoyment, rental and occupation of my two residences, one known as Cragside, in Cold Spring and Phillipstown, New York, and the other known as No. 400 Fifth avenue, New York city. Third. I give, devise and bequeath absolutely to my said wife, all the household furniture, pictures, plate, books, ornaments, horses, carriages, farm implements and property of every description in or upon or pertaining in any manner to the two houses and residences aforesaid. The said devises and bequests to my said wife to be in lieu of dower and right of dower.

" I give, devise and bequeath to my legal heirs, the remainder of the income from my property during the life of my wife, after the payment and discharge of all taxes and assessments and charges and interest and obligations against my said estate, except as here-inafter provided in case of interference. I give, devise and bequeath to my legal heirs, except as herein provided otherwise, the reversion and ownership of all my estate and property, after the death of my wife, with the reservation, exception and direction that in the event of any of my legal heirs making any attempt, directly or indirectly, in any manner or form, to interfere with or restrain, in any manner, my beloved wife from the full enjoyment, use, management, direction and disposition of the property and income of my estate as herein devised, then and in that event, such one of my legal heirs as shall do or perform or aid or abet the performance of such an act, or cause the same to be done, shall be forever debarred from any part, parcel, interest or ownership, or inheritance to any of my property, and be excluded from sharing in the same, and the share that would otherwise have gone to him or her shall be divided among the remaining heirs, according to law.

" I authorize and direct my executrix, in her discretion, to sell and convey such portion of my property as may be requisite or necessary to pay and discharge my just debts and obligations. I constitute and appoint my wife, Julia L. James, my sole executrix, and direct that no bond, obligation or surety be required from her."

*Frank E. Smith*, guardian *ad litem*, for the plaintiff.

*Robert Mazet, Charles S. Clark* and *William C. Holbrook*, for sundry defendants.

*Franklin Bartlett*, for the defendant, Julia L. James.

MACOMBER, J.:

.The principal question is whether or not a trust was created by the will of Frederick P. James. It is observable that no distinct words imposing a trust in the language of the Revised Statutes are used, yet we think that the learned judge at the Special Term, was correct in holding that the intention of the testator, as derived from the whole will, the situation of his property and the relation of his heirs-at-law and next of kin to him, was to create a trust by necessary implication. It is apparent that the prime motive of the testator was to make ample provision for the support and maintenance of his wife. She was the immediate object of his bounty. He had no father or mother living and no descendants. His collateral relatives are not shown to have had any particular claim upon his bounty which was not in his mind subordinated to the interest and protection of his wife. He gave one-half of the whole income of his property to her without restraint, deduction or interference in any manner whatever. He gave her the use and occupation of a city and of a country residence, together with the household furniture, plate, books and ornaments, horses and carriages and implements and property of every description pertaining to such residences, which were necessary to a proper maintenance thereof; and in fine, the testator appears to have had the purpose clearly defined in his mind as disclosed by the will to maintain the property, both real and personal, in the hands and under the control and management of his wife, and that there should not be any division thereof among his next of kin or heirs-at-law until her death. She was authorized to receive the rents, issues and profits of the estate, and, as has already been pointed out, was personally entitled to retain for her own use and purposes one-half of the gross income. Under these circumstances, there was imparted into the will by necessary implication a duty upon the wife as executrix or trustee, to hold the property, collect the income thereof, and properly to distribute, after paying all expenses, the other portion in accordance with the third clause of the will. It cannot now be successfully contended in this State, that particular words are necessary to create a trust by will, so long as the provisions thereof are of such a character as that, in order to carry them out, the ordinary powers and duties of a

trustee, within the Revised Statutes, are required. (*Brewster* v. *Striker*, 2 N. Y., 19; *Vernon* v. *Vernon*, 53 id., 351; *Morse* v. *Morse*, 85 id., 53.)

Another question raised by the appellants whether the persons answering to the description of "legal heirs" as used in the will take *per stirpes* or *per capita*. The Special Term has, as we think properly, construed the will to mean that the collateral relatives should take, not individually, but in families, or *per stirpes*. This result is mainly arrived at in this particular instance, for the reason that the testator has not named any of his collateral relatives anywhere in the will, and refers to them in this portion of it in the same way that they would be considered when applying to their rights the statute of descents of this State. (See *Ferrer* v. *Pyne*, 81 N. Y., 281; *Kelley* v. *Viguas*, 20 Rep., 103).

The trial judge, while denying to the plaintiff his prayer for partition of the real estate, gives certain relief to him by way of a judicial construction of the will, and holds that he, with other parties to the suit, is entitled to share in the property, both real and personal, as a remainderman. So far as the decision relates to the real estate, it is correct, but the plaintiff is not entitled to share in any of the personal property. Though a legal heir, he is not the next of kin within the statute of distributions which prohibits representation among collaterals after brothers and sisters children

The plaintiff, being a grand-nephew, is not entitled to share in the personal property, unless the expression "legal heirs" is to be construed broadly enough to include next of kin. A careful reading of the will leads irresistibly to the conclusion that the testator intended, as has been intimated above, that after the full enjoyment by his wife of his estate, at her death the property should go to his collateral relatives, as in case of intestacy. The expression in this clause of the will means, that the property, after the death of his wife, should be distributed according to law. It would do violence to the whole will and to the situation of the beneficiaries in their relationship to the testator, to say that he intended that the plaintiff should have greater rights or interest in his property than he would have had had there been no will. It is noticeable that the expression is not "heirs" alone, but "legal heirs," thus importing into it a

distinct intimation that the property should be distributed and descend according to the statute.

The only remaining question is whether or not the plaintiff, by bringing this action, has debarred himself from sharing in the property under the prohibitory clauses of the will. Although this position is taken in the printed briefs, yet we do not understand counsel to have insisted, upon the oral argument, that a declaration of this court to that effect should be made. Indeed, were it otherwise, we should feel constrained, under the circumstances, to overrule it, not only upon the ground stated by the learned trial judge, namely, that the plaintiff is an infant, but upon the further ground that the action itself was not, in its scope and purpose, intended to defeat the known and established intention of the testator, but to obtain an adjudication as to what the intention was. This is not an interference with the legal rights of the executrix and trustee.

Had the action been based upon an allegation of undue influence in procuring the will, or of the mental incapacity in the testator, or of duress, and the plaintiff had been defeated upon the issues, a different question would probably arise. Indeed, the fact that we feel constrained to differ from the trial judge in relation to the extent of the interest of the infant in the estate is sufficient to show that the action was not brought without a semblance of a just claim.

It follows that the judgment should be affirmed, except as modified in the particular above mentioned, the costs to be paid out of the estate.

VAN BRUNT, P. J., concurred.

Judgment modified as directed in opinion and affirmed as modified, costs to be paid out of the estate.