1832.

ISENHART
v.
BROWN.

ISENHART and others,

*vs.*

BROWN and others, executors of Brown, deceased, and others.

———

A bequest in lieu of dower, and the acceptance of the same, amounts to a matter of contract and purchase; and the wife is to be paid the bequest in preference to other legacies, and without abatement. But the debts are to be first paid.

If a will clearly indicates that the personal estate is to be exonerated from debts, the court will not disappoint the intent.

———

THE question in this cause arose upon rights which Elizabeth Brown claimed under the will of her deceased husband, Gilbert Brown.

This Gilbert Brown, by his will and codicil thereto, made certain specific bequests of personal property to his said wife, Elizabeth, absolutely. He also devised certain parcels of his real estate to her for life, subject to the powers given therein to his executors. Then he gave one half of all the residue of his personal estate to his executors, in trust, to convert the same into money and place it out at interest on bond and mortgage; and if the half of the said residue did not amount to one thousand and five hundred dollars, then he bequeathed to the executors, upon the same trusts, so much more of his personal estate as, together with the half, would make up the one thousand and five hundred dollars; and further, in trust, to pay the interest of such money to his wife during her natural life, and after her decease, to transfer the principal to certain of his relatives mentioned in the will. He next disposed of the residue of his personal estate in shares, amongst his relations. By the ninth clause of the will, the testator devised to his executors and their heirs, as joint tenants, all the residue of his real estate, in trust, to sell the same, and, if thought

*October* 9, 1832.

*Priority of a bequest in lieu of dower.*

advisable and his wife should consent thereto, then to sell the whole in fee simple ; and, in that case, his wife was to name one person, his executors another, and they a third ; and the three so named or a majority of them were to decide what proportion of the purchase money should be put out on bond and mortgage for the benefit of the wife during her life— the interest whereof was to be paid to her accordingly. After her death, the principal money was to be disposed of in like manner as was directed with regard to the residue of the purchase money of the real estate. The residue was then given in shares amongst his relations, in like manner as was directed concerning the personal estate. The provision made for the wife by the will was declared to be in lieu of her dower. The testator directed the funeral expenses and all his just debts to be paid by his executors, but without charging such expenses or debts upon any particular part of his estate or designating the fund out of which they were to be paid.

The executors had sold the real estate under the powers given to them by the will ; and paid all the debts—applying a part of the proceeds of the real estate for the purpose : the personal property, independent of what was specifically bequeathed to the wife, not proving sufficient.

In adjusting the accounts of the executors, a question arose —not between them and the creditors, but between the widow, Elizabeth Brown, and the other legatees—as to the extent of her rights and interests under the will.

She claimed to be entitled to the articles of personal property specifically bequeathed to her, whether the personalty, exclusive of the same, was sufficient or not to pay the debts ; and insisted, that the provision made for her by the will ought not to be broken in upon by reason of the want of personal assets to pay them. Also, that if the personal estate, exclusive of the parts specifically bequeathed to her, should be found insufficient to pay the debts with the interest of the one thousand five hundred dollars directed to be paid to her for life, then she was entitled to such interest, including arrears, and to have the debts also discharged out of the proceeds of the real estate not specifically devised to her.

Mr. *David B. Ogden*, for the widow.

Mr. *Peter A. Jay*, for the executors.

THE VICE-CHANCELLOR. This case appears not to call for the application of the ordinary rules of law, in regard to the abatement of general or specific legacies in the event of a deficiency of personal estate to discharge the debts and satisfy all the legacies given by the will; at least, so far as the widow is concerned. Whether she be regarded as a specific or a pecuniary legatee, her case forms an exception to the general rule in relation to abatement; and is governed by different principles.

The legacies given to her by this will are partly specific and partly pecuniary ; and they constitute the provision made for her by the testator in lieu of her right of dower in his estate. It is the price put by the testator himself upon that right, and which she is at liberty to accept. Her relinquishment of dower forms a valuable consideration for the testamentary gifts. In this point of view, she becomes a purchaser of the property left to her by the will. So, on the other hand, the husband offers a price for his wife's legal right of dower which he proposes to extinguish ; and if she agrees to the terms, she relinquishes it and is entitled to the price. It is, therefore, a matter of convention or contract between them ; and what she thus becomes entitled to receive, is not by way of bounty—like other general bequests : but as purchase money for what she relinquishes and which, consequently, must be paid in preference to other legacies—they being merely voluntary. This doctrine is very clearly stated in the 1st volume of *Roper on Legacies*, 297 ; and it is a doctrine well supported by judicial authority.

The first case on the subject is *Burridge* v. *Bradyl*, 1 *P. W.* 120. There, a testator bequeathed a sum of money to be laid out in the purchase of exchequer annuities for his wife during her life, in lieu of her dower ; and after her decease, the avails were to go to his two daughters. He, then, bequeathed one thousand pounds a piece to these two daughters. The assets

were very little more than the sum directed to be laid out in the purchase of the annuities. It was objected, as there was a deficiency and the legacies were all pecuniary, that they must equally abate ; but Lord Chancellor *Cowper* held the wife to be entitled to a preference : principally upon the ground of her being a purchaser of the annuities by releasing her dower and so that, if the assets were not sufficient to pay the other legacies, they must be lost. In *Blower* v. *Morret*, 2 *Ves. Sen.* 420, the decision of Lord *Cowper* came under consideration and was fully approved of by Lord *Hardwicke*, who sanctioned the doctrine that, where a testator sets a price on his wife's dower, by giving her a legacy or sum of money in lieu of it, if she chooses to accept it, he becomes the purchaser of her dower and she is entitled to the price and is not bound to abate in proportion with other legatees. Upon the authority of these two cases, Sir *Thomas Clarke, M. R.* afterwards decided the case of *Davenhill* v. *Fletcher, Ambl.* 244, which is similar, in many respects. There, the testator devised an annuity to his wife for life, out of his freehold estate, with the use of a house, together with all the furniture and linen, and the sum of five hundred pounds ; all of which he declared to be in full of what she should or might claim for her dower. A deficiency of assets to pay debts and legacies occurred ; and one of the grounds taken was, that the provision for the wife was more than an equivalent for her dower, and, therefore, the legacy of five hundred pounds ought to abate. But it was held to make no difference. If the wife was entitled to any dower, she was entitled to the annuity and legacies, without abatement.

In order to show that this doctrine has undergone no change, the recent case of *Heath* v. *Dendy*, 1 *Russ.* 543, may be referred to. This is a strong decision on the point. A testator had, by a post nuptial settlement, made certain provisions for his wife, expressed to be in bar of dower ; and afterwards, by his will, bequeathed to her several specific articles, and a legacy of twelve hundred pounds—adding, that what he had so given, together with the provision made for her by the settlement, should be in lieu of dower, &c. The personal estate

being insufficient for the payment of the legacies in full, the executors insisted that the widow's legacy of twelve hundred pounds ought to abate with the others; and it was attempted to distinguish this case from the three before cited: on the ground, that the settlement to which she had assented barred her right of dower, and she would take the legacy by the will as a mere volunteer. It was held, nevertheless, that she was entitled to a preference over the other legatees: for, by the will, she was to release her dower, not merely for the provision made by the settlement, but for that provision taken in conjunction with the legacy. And thus, the legacy was to be considered as a purchase of the dower, and the principle of the above authorities was upheld.

Such have been the uniform decisions of the court of chancery in England on this subject; and, as far as the question appears to have arisen in our own country, they have been followed.

In *Loocock* v. *Clarkson*, 1 *Dess.* 471, the question arose between the widow of the testator (to whom a yearly sum, and also several specific legacies in lieu of dower, were bequeathed) and other legatees of the estate, there being a deficiency of assets. It underwent an elaborate discussion; and was well considered by Chancellor *Matthews*. He decided, that the widow was entitled to a preference over the other legatees, and was not bound to abate in proportion with them.—He put his decision mainly upon the ground of intention on the part of the testator, as collected from the whole will, to give her the legacies in preference to all others. At the same time, he referred to the cases before Lord *Cowper* and Lord *Hardwicke*, and the doctrine there established and approved, and sanctioned it as being perfectly consistent with the supposed intention of the testator. The principle of this decision was reiterated in *Stuart* v. *Carson*, 1 *Dess.* 500.

Considering all these cases, I am bound to regard the law as settled, that, under circumstances like the present, a widow is entitled, after payment of the debts, to the whole provision which the husband chooses to make for her by his will, in lieu of dower, in preference to all other legatees, who are conse-

quently to be postponed where there is a deficiency of assets. Of course, the debts must be paid before she can be entitled even to specific legacies; but these debts may be paid out of other parts of the estate, in exoneration of what is specifically bequeathed or devised. In the present instance, the testator has authorized his real estate to be sold by his executors; and has disposed of the whole of it as personal estate. There is no difficulty, therefore, in applying the proceeds of the real estate, as well as the proceeds of the personal property, not specifically bequeathed, to the payment of the debts. After this, and the setting apart a sufficiency to satisfy the whole provision of the will for the widow, without abatement or deduction, the residue is to be applied and disposed of as is directed by the will.

If, however, the whole personal estate, without reference to the debts, should not amount to the sum of fifteen hundred dollars, which is directed to be put at interest for the widow, I do not think it can be made up out of the proceeds of the real estate: because, it is only given out of the personalty.—Still, if it be necessary, in order to raise this amount, to have the debts paid out of the proceeds of the real estate, I see no objection to such a course. If there be a clear manifestation or indication upon the face of the will, that the personal estate is to be exonerated from the payment of the debts, it is the business of the court not to disappoint the intention: 1 *Bro. C. C.* 462; 1 *Mer.* 193; 9 *Ves.* 453; 1 *Tam.* 142.(*n.*) I am satisfied, from the whole context of this will, that it was the intention of the testator to exempt the personal estate from the debts, so far, at least, as the provision made for his wife is concerned.

Upon the foregoing principles, the accounts of the executors, in relation to the estate, must be adjusted.