NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
December, 1880.

## MATTER OF DOLAN.

*In the matter of the petition of* MARY A. DOLAN, *executrix, and others, for leave to sell real estate to pay debts.*

A widow who elects to take pecuniary or other provisions in lieu of dower, takes the same for a consideration and is in by purchase; hence, her legacy does not abate even for the payment of debts, until the abatement of all general legacies.

Where the testator devised certain premises to his widow for life, in lieu of dower, and provided by the residuary clause for the payment of all taxes, assessments, interest, mortgages or insurance by the executors, out of the rents, issues and profits of the residuary estate, and it appeared that the testator left other real estate besides that so devised to his widow, *Held*, upon an application for the sale of decedent's real estate to pay debts, that the devise to the widow was paramount to any other devise or legacy made in the will, and that the Surrogate should exercise the discretion given him by section 24, 3 *R. S.*, 111 (6 ed.), and should first order the sale of all decedent's real estate other than that devised to the widow.

APPLICATION for the sale of decedent's real estate, for the payment of debts.

The facts appear sufficiently in the opinion.

THE SURROGATE.—Aside from the provisions of the will, upon well settled principles, the widow who elects to take pecuniary or other provision in lieu of dower,

takes the same for a consideration, and is in by purchase, and hence her legacy does not abate, even for the payment of debts, until the abatement of all general legacies.

*Roper on Legacies* (p. 431), states the rule to be, that the fact that the pecuniary or other provisions in lieu of dower shall be greater than the dowress' right does not take the provisions out of the preference over other legacies, for the reason that the testator is the best judge of the price at which he is willing to purchase the dowress right. (See Williamson *v.* Williamson, 6 *Paige*, 305; Isenhart *v.* Brown, 1 *Edw. Ch.*, 411; Tift *v.* Porter, 8 *N. Y.*, 516.)

But for the provisions of the will in this case, the widow, as life tenant of the premises devised to her, would be required to keep down the interest on incumbrances, and pay taxes and necessary repairs; but by the residuary clause of decedent's will, it is expressly provided that the executors shall, from the rents, issues, and profits of his residuary estate, pay and discharge all taxes, assessments, interest or mortgages, insurance, and such necessary repairs to his real and leasehold estate as might become due and payable, including such taxes and assessments, and the interest on any mortgages upon the premises devised to his said wife, and also the annuity of $2,000, in equal half yearly payments; so that it is entirely apparent from the terms of the will, that the widow's right to the use of the premises devised to her for life, free from incumbrance, taxes, &c., together with that to the annuity, is paramount to any other devise or legacy therein made, and hence it is obviously the duty of this court to preserve

intact the premises so devised to her, unless, by a sale of all other property devised, it shall appear that its sale will be necessary to the payment of the decedent's debts.

I am, therefore, of the opinion that section 24 of 3 *R. S.*, 111 (6 ed.), does not justify me in ordering a sale of the whole real estate, for the reason ; *first*, that it does not satisfactorily appear that the parts thereof, not devised to the widow, cannot be sold without manifest prejudice to heirs or devisees ; *second*, because the section referred to being discretionary, does not justify a disregard of the positive mandates of the will.

The decree should, therefore, provide for the sale of all the other real estate left by the testator, and no sale shall be made of the premises so devised to the widow, unless the amount realized from the sale of the other real estate shall be insufficient to pay the debts.

Ordered accordingly.