NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—July, 1885.

BEEKMAN *v.* VANDERVEER.

[No. 2]

*In the matter of the estate of* BENJAMIN F. BEEKMAN, *deceased.*

The widow of a decedent, who has accepted under her husband's will a legacy bequeathed to her in lieu of dower, is not entitled, as against creditors, even to the extent of the value of her dower interest, to priority of payment. Her claims are superior to those of voluntary legatees, but her husband's debts must be satisfied before any property of his estate can be lawfully applied to the discharge of her legacy.

Babcock v. Stoddard, 3 *T. & C.*, 207; Sanford v. Sanford, 4 *Hun*, 753—followed.

A PREVIOUS phase of this case is reported on page 221, *ante.* The facts are stated in the opinion.

JOHN A. MAPES, *for widow.*

R. J. MOSES, A. P. WHITEHEAD, *and* TREMAIN & TYLER, *for creditors.*

FRANK F. VANDERVEER, *for executor.*

THE SURROGATE.—In conformity with the sugges-
tion in my memorandum of December 22d last, the
creditors of the estate of this decedent have been
made parties to the present proceeding, whereby his
widow applies for an order directing the executors
" to pay to her, on account of the legacy or provision
for her benefit or support, a sum not exceeding the
unpaid value of her dower in the real estate of her
late husband."

It appears that, since Mr. Beekman's death in
1875, the petitioner has never formally elected to
take the testamentary provision for her benefit. Nor
has she, on the other hand, ever asserted a claim
for dower. Prior to December 1st, 1877, she re-
ceived and accepted from the executors the sum of
$16,500, as interest on the $100,000 trust fund,
directed to be set apart for her enjoyment during
her life or widowhood, and since that date other
moneys have been paid to her on the same account.
It follows from this state of facts that, unless she is
for some cause entitled to be relieved from the
operation of §§ 13 and 14, tit. 8, ch. 1, part 2 of the
Revised Statutes (3 *Banks*, *7th ed.*, 2198), she must
be deemed to have long since accepted her legacy
under the will. Whether any facts and circumstan-
ces exist, which would justify a court of general
equitable jurisdiction in permitting her to renounce

her election, and to be now endowed of the lands of her late husband's estate, or, if such lands have been sold with her concurrence, to be now in her capacity as dowager, compensated out of the proceeds of such sales, need not be here considered. No such relief is asked in the present proceeding, nor is it suggested that this court is competent to grant it.

But the petitioner claims that, even without revoking her election, she is entitled under the will, as a purchaser for value, to receive out of this estate, notwithstanding its property may be inadequate to satisfy in full the demands of creditors, such sum as, taken together with the payments already made to her, shall equal the actual value of her dower interest.

It is insisted, on the other hand, by counsel for the various creditors who have appeared in this proceeding, that the petitioner, by accepting in lieu of dower the bequest made for her by the testator, is precluded, not only from recalling that election, but from avoiding the unfortunate consequences it has probably occasioned in depriving her of any further benefits under the will. They admit that, by her relinquishment of what the law gave her the option to claim, she became a purchaser of whatever interest she acquired as legatee, and that, accordingly, as between herself and those entitled to mere voluntary legacies, that interest is not liable to abatement or contribution for payment of debts; but they insist, nevertheless, that, when all other property applicable to such payment has been exhausted, they may justly look to her for contribution, even to the

extent of the entire extinguishment of her interest in the estate.

A thorough examination of the authorities bearing upon this question has led me to the unwelcome conclusion that the prayer of the petitioner must be denied. The superior claim of creditors, under similar circumstances to those that exist in the case at bar, was upheld in Isenhart v. Brown (1 *Edw. Ch.*, 411); Chambers v. Davis (15 *B. Mon.*, 526); Brant's Will (40 *Mo.*, 226); Steele v. Steele (64 *Ala.*, 462); Warren v. Morris (4 *Del. Ch.*, 289, 306); Bray v. Neill's Ex'rs (21 *N. J. Eq.*, 350); Hanna v. Palmer (6 *Col.*, 156).

The recent decision of the Supreme Court in Babcock v. Stoddard (3 *T. & C.*, 207), and Sanford v. Sanford (4 *Hun*, 753), the former of which arose in the Fourth Department and the latter in the Third, lend strong support to the contention here made in behalf of the creditors. By the will under interpretation in Babcock v. Stoddard, the testator gave to his wife a legacy of $1,000, which, among other bequests, was declared to be in lieu of dower. He gave to a granddaughter a small legacy, and to other grandchildren all the remainder of his estate. The personal property proved insufficient to pay the debts and legacies in full. On application of a creditor, the Surrogate directed the sale of the real estate of which the testator died seized, and, as a result of such sale, there was realized a sum sufficient to pay the debts, and to leave a balance of over $1,200. The widow had previously died without making an election between her dower and the testamentary pro-

vision in her favor. Her executor prayed for the application of the surplus proceeds of the real estate to the $1,000 legacy bequeathed to her by the will, claiming that such bequest, being in lieu of dower, was equitably a charge upon the entire estate. The Surrogate so held, and an order was entered accordingly. On appeal this order was reversed. The court, MULLIN, J., pronouncing the opinion, declared that the only preference allowed to a bequest in lieu of dower was a right of priority over other legacies. The learned Justice expressed his regret, in view of all the facts, that the claim of the widow's representative, which seemed to be founded in reason, was discountenanced by the authorities that he felt bound to follow.

The doctrine of Babcock v. Stoddard was reasserted under somewhat similar circumstances in Sanford v. Sanford (*supra*), and, though JAMES, J., dissented, he did so upon grounds foreign to the present discussion.

If it is the law of this State, as seems to be maintained in the two cases last cited, that, where a testator's estate is inadequate to discharge the debts and satisfy also a bequest to his widow in lieu of dower, mere voluntary devisees, to whom no preference is given by the terms of the will, can avail themselves of the relinquishment of dower and be nevertheless protected against any contribution to pay the consideration for such relinquishment, then, *a fortiori* are the rights of creditors entitled to like protection.

I confess my regret that the conclusion which finds

support in the authority of this long line of cases is not seriously shaken by the decisions relied upon by petitioner's counsel.   So far as Thompson v. Egbert (2 *Har., N. J.,* 460) can be regarded as helpful to his contention, it is practically overruled by the later New Jersey case of Bray v. Neill's Ex'rs (*supra*).

Hall's Case (1 *Bland's Ch.,* 203); Gibson v. McCormick (10 *Gil. & J.,* 113); Thomas v. Wood (1 *Md. Ch.,* 300); and Durham v. Rhodes (23 *Md.,* 242), all turn upon the interpretation of a statute which provided that a widow, electing to accept a testamentary provision in lieu of dower, was "to be regarded as a purchaser with a fair consideration."

The Maryland courts have construed this language as putting a widow, to the extent of the dower interest which she has waived by such an election, in the category of a preferred creditor.

Thompson v. McGaw (1 *Met.* [Mass.], 166); Tevis' Ex'rs v. McCreary (3 *Met.* [Ky.], 135); and Hastings v. Clifford (32 *Me.,* 132),—cases not cited by petitioner's counsel,—are based upon statutory enactments which expressly declare that, "if a woman is deprived of the provision made for her, by will or otherwise, in lieu of dower, she may be endowed anew, in like manner as if such provision had not been made."   The quotation is from the statute of Massachusetts, which does not essentially differ from that of Kentucky or from that of Maine.

The cases below cited go to the length of asserting that a testamentary provision to a widow in lieu of dower is not subject to abatement, in the first instance, and before other legacies have been exhausted,

for the satisfaction of her husband's debts; but they go no further (Heath v. Dendy, 1 *Russ.*, 543; Burridge v. Bradyl, 1 *P. Wms.*, 127; Blower v. Merret, 2 *Ves. Sr.*, 420; Norcott v. Gordon, 14 *Sim.*, 258; Davenhill v. Fletcher, *Ambl.*, 244; Reed v. Reed, 9 *Watts*, 263; Hubbard v. Hubbard, 6 *Met.*, 50; Pollard v. Pollard, 1 *Allen*, 490; Gaw v. Hoffman, 12 *Gratt.*, 628; Howard v. Frances, 30 *N. J. Eq.*, 444; Potter v. Brown, 11 *R. I.*, 232; Lord v. Lord, 23 *Ct.*, 327; Loocock v. Clarkson, 1 *Dess.*, 471; Williamson v. Williamson, 6 *Paige*, 298; Stuart v. Carson, 1 *Dess.*, 500).

In the last case, the opinion of the court contains a single sentence which seems to exalt the claim of the widow to a provision in lieu of dower, even above the claims of creditors. But, as there was no such deficiency of assets as to make impracticable the full satisfaction of debts, the ambiguous words, even if used in the broad sense claimed for them by this petitioner, are merely *obiter dicta*. It is not likely, however, that the decision in Stuart v. Carson was intended to enlarge in the least the doctrine of Loocock v. Clarkson (*supra*), decided by the same court only two months before.

If the weight of authority did not forbid my adopting such a theory, I might regard the situation of this petitioner as fairly entitling her, in her capacity as purchaser of the legacy in her favor, to be treated as a creditor of the estate to the extent of the value of her dower interest, and, as such, to share, *pro rata*, with all the other creditors in all the property to

which they are at liberty to resort, the value of her dower interest being taken as the sum upon which her dividend should be calculated. But it would be presumptuous for me to act upon that theory, in the face of the decisions of the Court of Chancery, and of the Supreme Court, in Isenhart v. Brown, Sanford v. Sanford, and Babcock v. Stoddard.

Petition denied.