Brady, J.
Julius R. Meyer died on the 20th day of May, 1884, leaving a last will and testament which was duly admitted to probate. By it the defendants Cohen and the plaintiff were appointed executors, and duly qualified as such.
By his will the testator devised the house known as 155 West fifty-third street, together with all his books, plate, linen, etc., to his wife, in lieu of dower and right of dower.
He then gave to Paula Friedheim the sum of $1,000, to be held in trust by his executors until she should attain the age of twenty-one years or should marry, upon the happening of either of which events, his executors or their survivor or survivors should pay to her that sum forthwith.
All the rest, residue and remainder of his estate, whether real, personal or mixed, wherever the same might be situate, and of every character, nature and description whatsoever he directed should be converted into money, and he devised and bequeathed the same unto his executors or the survivors of them in trust for certain uses and purposes, the first of which was that his share and interest at the time of his death in the copartnership stock, capital and fund and the money invested by him in the business of the copartnership and firm of “ J. R.. Meyer & Co.” of the city of New York, of which he was a member, should at the option of his executors, and if his copartner Herman Knoble, consented thereto, remain and continue to remain invested in the business of his surviving partner, said Herman Knoble, as long as his executors shall deem proper at six per cent per annum interest, which said interest as the will provides shall be paid to his wife Charlotte Meyer, so *614 long as she remains unmarried.” The other was that all the balance of the rest and residue of his property not invested in the business already mentioned, should be invested by his executors in good interest bearing and paying securities and first mortgages upon real estate, and the interest accruing therefrom paid to his wife as long as she remained unmarried.
The will then provides, in the event of her marriage or upon the death of his wife, if there should be no issue and the issue should die before attaining the age of twenty-one years, that all the rest and remainder of his property should be divided in equal parts and shares in the manner stated. Then follow the names of a number of legatees who were to be the recipients of such division.
It appears that at the time of the testator’s death and also at the execution of his will, he was seized of the house and lot already mentioned, which was the only real estate he possessed. But it was subject to a mortgage of $12,000, an incumbrance made by him prior to his marriage.
It also appears that the mortgage has been foreclosed since the testator’s death, the sale resulting in a deficiency of some $2,184, for which amount a judgment against the estate has been perfected since the foreclosure action.
It is contended upon this state of facts by the plaintiff that she should be indemnified to the extent of $12,000, as the value of the house and lot which were devised to her, and that the various bequests to which reference has been made, and amounting in the aggregate to $11,000, should be deferred until her death or re-marriage, and that in no case should any recourse be had to the $20,000 invested in the testator’s business, which should be kept intact and the interest paid to her until her death or re-marriage.
The defendants contend on the other hand, that she took the house in Fifty-third street subject to the mortgage thereon, in other words that she was vested only with the equity of redemption; that the executors should first set apart from the personal property other than the $20,000 invested in business, the sum of $1,000 bequeathed to Paula Freidheim, and then devote the remainder of the personal property, other than the $20,000, to the payment of the bequests mentioned in the sixth clause of the will, making up any deficiency, in the amount of the $20,000 invested in the business; and that the widow should- be entitled, until her death, or re-marriage, to the interest on what should remain of the $20,000.
The learned justice in the court below held that the plaintiff had the right to receive, during her widowhood, the interest on the fund of $20,000 invested in the business of the firm already mentioned, after paying the debts and *615 funeral expenses of the testator, and the bequest of $1,000 to Paula Freidheim, and that for such performance it was the duty of the executors to keep the fund invested, and not to reduce it by the payment of any of the other bequests mentioned in the will, and that it is their duty to pay the debts and funeral expenses, and the bequest of $1,000 already mentioned, out of the personal estate of the testator is sufficient for that purpose, without resorting to the fund of $20,000; and further, that the - plaintiff was entitled to the income during her life, of the whole of the remainder of the value- of the personal estate, and that it was the duty of the executor to pay the bond and mortgage already mentioned; and that she be adjudged entitled to $12,000 and the interest thereon, from the 10th of September, 1885, to the sale of the premises.
The judgment pronounced by the learned justice in the court below seems to be entirely correct. It was clearly the intention of the testator, as shown from the various provisions of the will to which reference has been made, to give his wife during her life or widowhood not only the interest which should accrue from the investment in the firm of J. R Meyer & Co., and which were fixed at $20,000, but also the rest and residue of his estate after the payment of $1,000 to Paula Freidheim.
There can be no doubt that the interest thus to be paid in reference to the fund invested in the business was a specific legacy; and it is said that one important consequence of a legacy of that character is that it is not subject to contribute to make up any unexpected deficiency which may arise in regard to the other, portion of the estate. Bed. on Wills, vol. 2, § 7, subd. 9, j). 136.
The fact, however, is to be kept in view in this connection, that aside from $20,000 there was the sum of $10,000 in cash in the hands of the executors, and that the debts will not exceed $2,000. There was, therefore, sufficient money in the hands of the executors without resorting to the fund of $20,000 to pay the'legacy to Paula Freidheim.
It was not, as declared by the learned justice in the court below, the duty of the executors to pay the bequests mentioned in the sixth clause of the will during the life or widowhood of the plaintiff.
The testator left no issue, and by the fourth clause of the will, as we have already seen, it was declared that all the balance of the rest, residué and remainder of the property of the estate not invested in the business should be invested by the executors in good interest bearing securities, and the interest accruing thereon paid to his wife during her life or widowhood.
It is only in the case of the marriage of his wife or her *616 death, there being no issue, that his executors shall convert the residuum into money and divide it into six equal parts.
The contention that the several bequests made in the will shall be paid out of what might remain of the estate independently of the sum invested in business, and before a final accounting, cannot, in view of the provisions of the will, be entertained for a moment. It is very clear, as already intimated, that these beneficiaries take nothing until the death or marriage of the plaintiff. The whole tenor of the will shows this beyond peradventure. It seems to be, therefore, clear that the plaintiff was entitled to have the amount of the bond and mortgage and the interest as provided for in the will secured to her.
It will be remembered that at the time of the marriage of the plaintiff, he was the owner in fee of the premises to which the mortgage related, and had previously executed that instrument. By his will he gave the house covered by the mortgage to his wife in lieu of dower, and she accepted the devise. It is provided by thé Revised Statutes (1 R. S., 740, § 4 [Edward’s ed.,. vol. 1, p. 991]) that “Where a person seized of an estate of inheritance in lands shall have executed a mortgage of such estate before marriage, his widow shall nevertheless be entitled to dower out of the lands mortgaged as against every person except the mortgagee and those claiming under him.” And the plaintiff was therefore entitled to dower in the house and lot freed of the mortgage as against the testators, heirs at law or other devisees or legatees mentioned in the will. Bartlett v. Musliner, 28 Hun, 235; Hitchcock v. Harrington, 6 J., 290; Collins v. Ferry, 7 id., 277; Van Dyne v. Thayre, 19 Wend., 162. This was her right under the Revised Statutes and at common law.
The plaintiff’s acceptance of the house and lot in lieu of dower did not give her a less estate than she had as doweress at law, and by accepting the provisions of the will in lieu of dower, the plaintiff became a purchaser for a valuable consideration of the house and lot, and not a naked devisee, it being well settled that where a widow elects to take a pecuniary or other provision in lieu of dower she takes the same for a consideration and is a purchaser for value. The following authorities abundantly established these propositions: Scribner on Dower, vol. 2, p. 527; Roper on Legacies, p. 431; Matter of Dolan, 4 Redf., 511; Williamson v. Williamson, 6 Paige, 305; Isenhart v. Brown, 1 Edw. Ch., 411.
It must be borne in mind in the consideration of this subject that the testator directed the payment of his debts, and the bond which accompanied the mortgage affecting the *617 premises given to his wife in lieu of dower was one of his debts, of which he was aware and which he must have had in contemplation when the will was made.
If any other thought were permitted to prevail in this action, the farce of giving a piece of property in lieu of dower which was not worth the amount of the incumbrance upon it would be sanctioned, notwithstanding that the testator had means to discharge the incumbrance. This result was neither contemplated nor designed. The testator did not mean to attempt to do a wrong.
For these reasons it is quite clear that the judgment pronounced in the court below was correct, and that the only interest which the legatees have in the estate depends upon the residuum left after the death of the plaintiff and the satisfaction of all just claims upon the estate.
The judgment must be affirmed, with costs.
Daniels, J., concurs.