In the Matter of the Estate of ALBERT GRAMZA, Deceased.

Surrogate's Court, Erie County, June 10, 1940.

*Edward M. Sheehan*, for George L. Grobe and Frank Grzecz-kowski, executors, etc.

*Kenefick, Cooke, Mitchell, Bass & Letchworth*, for the Marine Trust Company of Buffalo, trustee under article Third of the will.

*Walter J. Mahoney*, special guardian.

*Stanley Drumstra*, for Ladleus Formaniak and Teofil Nadolny, creditors.

VANDERMEULEN, S. The will of Albert Gramza provides, among other things, as follows:

" *Second.* I give and bequeath to my wife, Jane Gramza, Ten Thousand Dollars ($10,000.00).

" The provision herein for my said wife, as aforesaid, I hereby declare is intended to be and is so given to her in full satisfaction and in lieu of and for her dower which she may or can in any wise claim or demand out of my estate.

" *Third.* Whereas, I am possessed of the following policies of insurance on my life, namely policies effected with the New York Life Insurance Company for Ten Thousand Dollars ($10,000.00) and Five Thousand Dollars ($5,000.00) respectively, which policies are numbered 8217703 and 8217704, now, I bequeath said policies with the sum of Fifteen Thousand Dollars ($15,000.00) thereby assured and all accretions or additions thereto unto my Executors. On receiving proof of the grantor's death my Executors shall use their best efforts to collect and receive any and all sums of money payable thereunder and when so collected and received shall pay over the proceeds thereof to the Marine Trust Company of Buffalo, N. Y., as Trustee, and said sum so received shall be held, invested and expended by said Marine Trust Company of Buffalo, N. Y., as hereinafter provided.

" The Trustee shall divide the Trust Fund herein created into three equal parts, to be held as separate and distinct trusts to be administered separately for the benefit of the grantor's children, namely, Albert Gramza, Leonard Gramza and Daniel Max Gramza, and shall apply the net interest, income and dividends accruing from each of said trusts and so much of the principal as it may seem necessary in the discretion of said Trustee to the use of each of said children during his minority.

" Upon the death of either of said children of the grantor, the Trust created for his benefit shall cease and determine and said Trustee shall thereupon transfer and pay over his share of said Trust to the surviving child, if there be but one, and to the surviving children, share and share alike, if there be two such children surviving."

Then follow several paragraphs, the consideration of which is not pertinent to the issue herein involved.

It appears that a decree has been entered in this court to the effect that the proceeds of the insurance policies were applicable to the payment of the debts of the decedent with the exception of $1,000. It also appears that the sum of $1,000 was paid by the executors to Jane Gramza to apply on the account of the bequest to her in the sum of $10,000 in lieu of dower.

The question now presented concerns the distribution of any assets left in the estate after the payment of unpaid debts and the remaining expenses of administration. The widow claims that such assets should be applied upon the bequest to her under article Second of the will. The Marine Trust Company claims that such assets should be paid to it as trustee under article Third, since the proceeds of the insurance policies have first been applied to the payment of debts and expenses, whereas the general assets of the estate are by law first subject to debts and expenses. It was determined in May, 1937, by the late Surrogate HART that the bequest of the life insurance proceeds was specific.

It has long been held that the legacies to widows in lieu of dower have certain priorities over other legacies. The courts have always zealously guarded the rights of the widow. In *Matter of Smallman* (138 Misc. 889, 905) the court, in its opinion, stated: " First to be noted in the list of legacies to beneficiaries in the purchaser class are those given to a wife in lieu of dower. This preference is of very early origin and was an inheritance from the common law of England at the time of the Revolution. It was promptly recognized by our courts and has been continuously maintained.

" One of the early statements of the doctrine is contained in *Isenhart* v. *Brown* (1 Edw. Ch. 411, decided in 1832), in which the court says (at p. 413): ' The legacies given to her by this will are partly specific and partly pecuniary; and they constitute the provision made for her by the testator in lieu of her right of dower in his estate. It is the price put by the testator himself upon that right, and which she is at liberty to accept. Her relinquishment of dower forms a valuable consideration for the testamentary gifts. In this point of view, she becomes a purchaser of the property left to her by the will. So, on the other hand, the husband offers a price for his wife's legal right of dower which he proposes to extinguish; and if she agrees to the terms, she relinquishes it and is entitled to the price. It is, therefore, a matter of convention or contract between them; and what she thus becomes entitled to receive, is not by way of bounty — like other bequests; but as purchase money for what she relinquishes and which, consequently,

must be paid in preference to other legacies — they being merely voluntary.' "

It has been held that a legacy to a widow in lieu of dower, when accepted, becomes a debt of the deceased, payable like other debts. In other words, the widow stands in the nature of a creditor of the estate. (See *Wilmot* v. *Robinson*, 42 Misc. 244.)`

Inasmuch as the dower right takes precedence over other legacies, so should the legacy in lieu thereof, to the extent of the value of that dower right. If a widow is not considered in the light of a preferee, one can readily see that her right of dower or her right of election might easily be defeated.

According to the transfer tax proceeding in this court the value of the equity of the real estate of decedent was $14,530.69. Her age being forty-one at the time of the death of her husband, according to the recognized tables, the value of her dower right is $3,280.09.

I hold, therefore, that any assets remaining after the payment of the expenses of administration and the debts should be applied upon the bequest to the widow under article Second of the will in the amount hereinbefore mentioned.

Let the decree of judicial settlement provide accordingly.