Charles D. Morse et al., Appellants, *v.* William T. Morse et al., Respondents.

To constitute a valid express trust it is not necessary that the purpose of the trust should be stated in the precise words of the statute; it is sufficient if the intention to create the trust can be fairly collected from the instrument.

The instrument will not necessarily fail as a trust because the authority given could be executed by the creation of a mere power in trust; the test is whether the instrument confers upon the trustee the authority, and is created to accomplish one of the purposes mentioned in the statute. (1 R. S. 728, § 55.)

The will of S. gave five-sixths of his residuary estate, which consisted of a farm and some personal property, to five of his children named, " to be equally divided between them." The remaining one-sixth he gave to a trustee, in trust to pay the interest thereof annually to E., a son of the testator, and, in a certain contingency, a portion of the principal, and at the death of E. to pay the "surplus then remaining" to his children. The executor, however, was empowered to sell the real estate when and in such manner as he should think proper, "and to rent and lease the same until thus sold." In an action for partition of the farm, *held*, that the will created a valid express trust in the executor, who took the legal title, and no estate therein vested in the children; that the power to lease carried with it the power to receive the rents, and, although there was no express direction as to the disposition to be made of them, the reasonable implication was that they were to go to the persons beneficially interested in the estate; and that, therefore, partition was properly denied.

(Argued February 9, 1881 ; decided April 19, 1881.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made November 18, 1879, which affirmed a judgment in favor

of defendants, entered upon a decision of the court, on trial at Special Term.

This action was brought for partition of a farm situate in Otsego county, of which Stephen Morse, late of Butternuts, in that county, died seized.

The facts are sufficiently stated in the opinion.

*Isaac S. Newton* for appellants. Under this will the share of the executor in the land in question goes to him in fee-simple absolute, and the alleged power to sell as executor does not attach to that share. (*Hetzel* v. *Barber*, 69 N. Y. 7.) The executor, as to his one-sixth, has as complete power to convey by deed, or to bring partition, as either of the owners of the remaining five-sixths. (*Gallie* v. *Eagle*, 65 Barb. 583; *Heermans* v. *Robinson*, 64 N. Y. 354; 2 R. S. 317, § 1.) The devisees, or either of them, could sell and convey, and the purchaser would have a fee. (*Hetzel* v. *Barber*, 69 N. Y. 1; *Heermans* v. *Robertson*, 64 id. 332, 339; *Prentice* v. *Janssen*, 79 id. 478; 14 Hun, 548; *Reed* v. *Underhill*, 12 Barb. 113; *Cotton* v. *Taylor*, 42 id. 580, 581; *Garvey* v. *McDevitt*, 72 N. Y. 563; *The People* v. *Scott*, 8 Hun, 566; 1 R. S. 729, § 56.) To create a trust and a title as trustee there must be some beneficiary named and trust declared. (69 N. Y. 12–13.) Assuming that the devisees took title, there is no adverse possession or dispute of title to prevent partition. (*Scott* v. *Guernsey*, 60 Barb. 163; affirmed, 48 N. Y. 106; 60 Barb. 163; *Nolls* v. *Barnhart*, 71 N. Y. 474; *Hitchcock* v. *Skinner*, Hoff. 24; *Florence* v. *Hopkins*, 46 N. Y. 186; *Kathan* v. *Rockwell*, 16 Hun, 91; *Howell* v. *Mills*, 7 Lans. 195; *Jenkins* v. *Fahey*, 73 N. Y. 360; *Brevoort* v. *Brevoort*, 70 id. 139.) The trustee could bring partition. (*Gallie* v. *Eagle*, 65 Barb. 587; 2 R. S. 317, § 1.) Partition may be had even though the will converts the real estate into personalty. (*Tenney* v. *Stebbins*, 28 Barb. 290; *Reed* v. *Underhill*, 12 id. 113.) A court of equity will not allow a trustee of any trust, by postponing or accelerating a sale, to affect the interests of successive *cestuis que trust.* (*Heermans* v. *Robertson*, 64 N. Y. 339.)

*George W. Ray* for respondents. Neither partition nor sale in partition can be decreed among these beneficiaries at the suit of any one of them, with this power of sale, and of renting and leasing in trust, outstanding and undetermined. (*Van Schuyver* v. *Mulford*, 59 N. Y. 426; *Prentice* v. *Janssen*, 79 id. 478; *Selden* v. *Vermilya*, 2 Sandf. 568; *Baldwin* v. *Humphrey*, 44 N. Y. 609; *Sullivan* v. *Sullivan*, 66 id. 37; *Hetzel* v. *Barber*, 69 id. 1; 1 R. S. 737, § 121; 2 R. S. [6th ed.], Banks', 1117, § 142.) There is a valid and legal general power in trust, vested, outstanding and undetermined, and the purposes thereof are unanswered and unattained. (2 R. S. [6th ed.], Banks', 1113, § 95, etc.; Laws of 1853, chap. 238; 3 R. S. [6th ed.], Banks', 60, § 22; *Bailey* v. *Briggs*, 56 N. Y. 415; *Russell* v. *Russell*, 36 id. 581; *Kinnier* v. *Rogers*, 42 id. 531; *Skinner* v. *Quinn*, 43 id. 99; *Crittenden et al.* v. *Fairchild*, 41 id. 289; *Betts* v. *Betts*, 4 Abb. N. C. 317; *Van Boskerk* v. *Herrick*, 65 Barb. 250.) The object and purpose of this power of sale and of renting and leasing is to convert the real estate into personalty for convenience of distribution, and for purposes of distribution and to save expense and delay of partition, and that the trustee of Edwin Morse should receive his as money, and not be burdened with the care of an undivided interest in real estate, etc. (*Fisher* v. *Banta*, 66 N. Y. 468; *Kinnier* v. *Rogers*, 42 id. 531; *Crittenden* v. *Fairchild*, 41 id. 289; *Moncrief* v. *Ross*, 50 id. 431, 436; *Marsh* v. *Wheeler*, 2 Edw. Ch. 156, 159; *Ross, Adm'r*, v. *Roberts*, 63 N. Y. 652; *Power* v. *Cassiday*, 79 id. 613, 614.) It is immaterial whether the intent and purpose of the power appear by express words declaring them, or from the general import of the will. In either case the intent and object are to be ascertained and observed. (*Fisher* v. *Banta*, 66 N. Y. 468; *Marsh* v. *Wheeler*, 2 Edw. Ch. 156; *Kinnier* v. *Rogers*, 42 N. Y. 531; *Power* v. *Cassiday*, 79 id. 602, 614.) This power of sale, and of renting and leasing, is not inconsistent with any of the prior provisions of the will. (*Crittenden et al.* v. *Fairchild*, 41 N. Y. 289; *Kinnier* v. *Rogers*, 42 id. 531; *Skinner* v. *Quinn*, 43 id. 99.) By the last will and testament

of Stephen Morse and his death, this real estate was equitably converted into personal property, and so far as this action is concerned, it is to be treated as such. (*Power* v. *Cassiday*, 79 N. Y. 602, 613; *Prentice et al.* v. *Janssen et al.*, id. 478; *Ross, Adm'r*, v. *Roberts*, 2 Hun, 90; affirmed, 63 id. 652; *Fisher* v. *Banta*, 66 id. 468; *Hatch* v. *Bassett*, 52 id. 359; *Dodge* v. *Pond*, 23 id. 69; *Moncrief* v. *Ross et al.*, 50 id. 436; *Kinnier* v. *Rogers*, 42 id. 531; *Crittenden et al.* v. *Fairchild*, 41 id. 289; *Hetzel* v. *Barber*, 69 id. 1.; *Manice* v. *Manice*, 43 id. 303; *Craig* v. *Leslie*, 3 Wheat. 563; *Marsh* v. *Wheeler*, 2 Edw. Ch. 156; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424, 427, 431; *Kane* v. *Gott*, 24 Wend. 641.) It is immaterial whether the power of sale is imperative or directory, or whether the executor is simply authorized and empowered to sell. The doctrine of equitable conversion applies in either case. (*Power* v. *Cassiday*, 79 N. Y. 602, 613; *Dodge* v. *Pond*, 23 id. 69; *Ross, Adm'r*, v. *Roberts*, 2 Hun, 90; affirmed, 63 N. Y. 652.) This equitable conversion took effect at the death of the testator, and this real estate then became money for all intents and purposes, subject only to the right of all the beneficiaries to reconvert into realty. (*Ross, Adm'r*, v. *Roberts*, 2 Hun, 90; affirmed, 63 N. Y. 652; *Fisher* v. *Banta*, 69 id. 468; *Betts* v. *Betts*, 4 Abb. N. C. 386, 387; *Kane* v. *Gott*, 24 Wend. 641, 659, 660; *Craig* v. *Leslie*, 3 Wheat. 563; Snell's Principles of Equity, 169, 171.) The object and purposes of the power being valid, and requiring its due execution, there being a conversion, and no reconversion having taken place, the court will not and cannot disregard the power, but must regard it and treat this land as money. (2 R. S. § 142, art. 3, part 2, title 1; Banks' 6th ed. 1117, § 142; *Selden* v. *Vermilyea*, 2 Sandf. Ch. 568; *Hatch* v. *Bassett*, 52 N. Y. 359; *Van Boskirk* v. *Herrick*, 65 Barb. 250; *Baldwin* v. *Humphrey*, 44 N. Y. 609; 2 Perry on Trusts, 32, § 511; *Hawley* v. *James*, 5 Paige, 485; *Arnold* v. *Gilbert*, 3 Sandf. Ch. 556; *Mason* v. *Mason*, 4 id. 623; *Burner* v. *Storm*, 1 id. 357; *Champlin* v. *Champlin*, 3 Edw. Ch. 571.) The authority to rent and lease carries the authority to

collect, and a direction to pay over is implied from the terms of the will and the nature of the trust. (*Garvey, Ex.* v. *Mc-Divett, etc.,* 72 N. Y. 556.) There is no vested title in the beneficiaries under this will. (2 Bouvier's Law Dic. 637; Fearne's Cont. Rem. 2; Rop. Leg. 757; Comyn's Dig. "Vest."; Vern. Ch. 323, n; 5 Ves. Ch. 511; Coke Litt. 4 B; Hammond's Nisi Prius, 151; 7 East, 200; 1 Ventr. 393; 2 Rolle's Abr. 2.) This is a valid express trust. (§ 73 [60], R. S., Uses and Trusts; 1 R. S. 728, § 55; *Vernon* v. *Vernon,* 53 N. Y. 351; *Bradley* v. *Amidon,* 10 Paige, 235; *Savage* v. *Burnham,* 17 N. Y. 561; *Tobias* v. *Ketchum,* 32 id. 319.) The plaintiff has not the necessary possession to enable him to maintain partition. (R. S., § 1, chap. 5, part 3, title 3; 3 R. S. [6th ed.] Banks', 583; *Sullivan* v. *Sullivan,* 66 N. Y. 37; *Florence* v. *Hopkins,* 46 id. 182; *Van Schuyver* v. *Mulford,* 59 id. 427; *Brownell* v. *Brownell,* 19 Wend. 367; *Stryker* v. *Lynch,* 11 N. Y. Leg. Obs. 116; *Fleet* v. *Dorland,* 11 How. Pr. 489.)

ANDREWS, J. The Revised Statutes, authorize an action of partition between persons who hold or are in possession of lands, etc., as joint-tenants or tenants in common. (1 R. S. 347, § 1.) The only right or interest which the plaintiff, Charles D. Morse, claims in the land sought to be partitioned, is derived under the will of Stephen Morse. Unless he took under the will a present estate in possession, in the premises in question, he cannot maintain this action. (*Sullivan* v. *Sullivan,* 66 N. Y. 37.)

The testator had six children, all of whom survived him. His real estate at his death consisted of a farm of about one hundred and fifty acres, and he was possessed of some personal property. By his will, after giving to two of his daughters, his household furniture and clothing, and making a pecuniary legacy of $200, he gave five-sixths of his residuary estate, to five of his children, as follows: " I will and bequeath unto William P. Morse, Eliza Morse, Lucy Morse, Stephen Morse, Jr. and Charles D. Morse, five-sixths of all the residue and remainder of all my estate, both real and per-

sonal, of every name and nature, to be equally divided between them." The remaining one-sixth he gave to a trustee, in trust, " to pay over to my son, Edwin Morse, the interest of said one-sixth part annually during his natural life," with authority to the trustee, in a certain contingency, to pay to the beneficiary in addition, any part of the principal, and at his death, the trustee was directed to pay the "surplus then remaining in his hands" to the children of Edwin, or his heirs. The final clauses in the will are as follows: " I will, authorize and empower my executor hereinafter named, to sell and convey by deed, any and all my real estate, at such time and in such manner as he shall think it proper for the interest of my estate, and to rent and lease the same until thus sold. Also, I do hereby appoint my son, William T. Morse, executor," etc.

The testator died in August, 1875. The will was duly proved, and letters testamentary were issued to the executor. The executor subsequently leased the farm, and it was in possession of his tenant when this action was commenced. The plaintiff, Charles D. Morse, is one of the sons of the testator, and claims that by the will, the five children of the testator first mentioned, and the trustee of his son Edwin, took upon the testator's death, a present legal estate in the farm as tenants in common, subject to a bare power of sale vested in the executor. If this is the true construction of the will, the right of the plaintiffs to maintain an action for partition, may be conceded. Authority given to an executor to sell lands, unless accompanied with a right to receive the rents and profits, vests no estate in the executor, but the lands descend to the heirs or pass to the devisees of the testator, subject to the execution of the power. (2 R. S. 729, § 56; 4 Kent's Com. 321; *Crittenden* v. *Fairchild,* 41 N. Y. 289; *Hetzel* v. *Barber,* 69 id. 1; *Prentice* v. *Janssen,* 79 id. 478.)

But the power of sale conferred upon the executor by the will of Stephen Morse, is accompanied with an authority to rent and lease the land, until the power should be exercised. If this constituted a valid express trust within the Revised Statutes, then the whole estate vested in the executor, subject only

to the execution of the trust, and the children of the testator took no estate or interest in the lands, but may enforce the performance of the trust in equity. (1 R. S. 729, § 60.) A trust to sell, mortgage or lease lands, for the benefit of legatees, or to receive the rents and profits of lands, and apply them to the use of any person, during the life of such person, or for any shorter period, are among the express trusts authorized by the statute. (1 R. S. 728, § 55.)

It is clear that the power of sale in the will in question, was conferred for the purpose of conversion, and with a view to the distribution of the proceeds of the sale of the land among the testator's children. This is not expressly declared, but the prior gift of the whole residuary estate to them, followed by the power of sale to the executors, permits of no other inference. (*Fisher* v. *Banta*, 66 N. Y. 468; *Marsh* v. *Wheeler*, 2 Edw. Ch. 156; *Kinnier* v. *Rogers*, 42 N. Y. 531.) The direction to sell was imperative, and operated in equity as a conversion of the land into money. It was the intention of the testator, that the beneficiaries should receive their respective interests in money, and not in land. The real estate consisted of a farm, which, as is found in the case, cannot be actually partitioned without impairing the value of the property. It may well be inferred, that the testator knew this, and that his purpose in conferring a power of sale on the executor, was to avoid a sacrifice of the property, and the delay and expense of partition proceedings. In the meantime, and until a sale should be effected, he empowered the executor to rent or lease the land. There is no express direction in th will as to the disposition to be made by the executor of the rents received. But the reasonable inference and implication is, that they are to go to the persons beneficially interested in the estate. (*Moncrief* v. *Ross*, 50 N. Y. 431.) Nor does the will expressly authorize the executor to receive the rents and profits of the land until sale. But the power to rent and lease the land carries with it and includes the power to receive the rents accruing from its execution.

We are of opinion that the will created a valid express trust

in the executors, under the Revised Statutes, to sell lands for the benefit of legatees, under the second subdivision of section 55, before cited, and that the children of the testator took no title or estate in the land. To constitute a valid express trust, it is not necessary that the purpose of the trust should be stated in the precise words of the statute. It is undoubtedly necessary to a valid trust under the statute, that the trust shall be declared in the will, or other instrument, by which it is created. But no particular formula of words, need be used. It is not essential that the words "trust" or "trustee" should be used, or that there should be a direct devise in terms to the trustee, or that the authority to receive the rents and profits, should be conferred in express language. It is sufficient if the intention to create a trust under the statute, can be fairly collected from the instrument, and what is implied from the language used, is, as in other instruments, deemed to be expressed. Nor will the instrument necessarily fail as a trust, because the authority given could be executed by the creation of a mere power in trust. The test is whether the instrument confers upon the trustee an authority in respect to the land, and the power is conferred to accomplish one of the purposes mentioned in the fifty-fifth section of the statute. (*Vernon* v. *Vernon*, 53 N. Y. 351, and cases cited.) The residuary clause of the will includes both real, and personal estate, as the subject of the gift. But the whole will is to be construed together to determine its meaning; and taking the language of the residuary clause in connection with the power conferred upon the executors, we think the true meaning is, that his children are to have the proceeds of his real estate arising upon a sale under the power.

The case of *Brewster* v. *Striker* (2 N. Y. 19) tends to sustain the construction we have given to the will in question. In that case there was in the first clause of the will, a direct devise of the land to the three grandchildren of the testator and their heirs. But this was followed by a direction that it should not be sold or alienated, and the executors were empowered to lease and rent the land, and pay over the rents and

profits annually to his heirs, etc. The court held, upon a construction of the whole will, that notwithstanding the direct devise to the grandchildren, the executors by implication took the legal estate during the lives of the grandchildren, and that the grandchildren took no legal estate whatever. The case of *Brewster* v. *Striker*, arose under a will made prior to the Revised Statutes; but the legal estate implied in the executors, from the power of management and control, and the right to receive the rents and profits, according to the principles of the common law, would now, under similar circumstances, by force of the statute, vest the legal title in the executors as an express trust.

There was no reconversion from personalty into realty in the case now before us, by parties representing the whole beneficial interest. The object of the testator would be frustrated by allowing a part of the beneficiaries to bind the others and compel a sale, by an election to reconvert their particular shares. (*Hetzel* v. *Barber*, 69 N. Y. 1; *Holloway* v. *Radcliffe*, 23 Beav. 163; *Craig* v. *Leslie*, 3 Wheat. 577; Snell's Prin. of Eq. 169–171.)

The judgment denying partition in this case should be sustained, on the ground that, by the true construction of the will, the executors took the legal estate in the farm in question, and that no estate therein was vested in the children of the testator.

The judgment should be affirmed.

All concur.

Judgment affirmed.