Woods, S.
The executors claim that under section 2736 of the Code of Procedure they are entitled to three full commissions, to be apportioned among them according to the services rendered by them respectively, and, under section 2562, for their counsel fees and other expenses for settlement of the estate. Their right to three full commissions is challenged by J. Shepard Smith, a devisee and legatee of Fanny S. Rich, a daughter of Mr. Smith, who died subsequently to her father.
*354 Tbe right to the three full commissions claimed depends upon whether the proceeds of the real estate, accounted for with the proceeds of the personalty, are to be considered and treated, on this accounting, as personal estate.
The sales and conveyances of real estate to the children, the acceptance of the purchase price and receipting therefor as a portion of their share of the estate of the father was in legal effect and in substance a sale and conveyance of such real estate and the same as if the purchaser had paid to the executors the purchase money, and the executors had immediately repaid it as so much on the portion of the purchaser. (Pratt v. Foote, 9 N. Y., 463, 468, 10 N. Y., 601; Beach v. Smith, 30 N. Y., 131-2; Wright v. Nostrand, 24 N. Y., Weekly Digest, 418.)
I am of opinion that under the will of the testator the real estate was to be converted into personalty and distributed to his ■children as such. The executors were vested with the legal ■title thereto, they were directed to sell it and “ turn the same into money.” They were to compromise claims, etc., “ so as to ■convert all into money as soon as can be to advantage, and pay •over the proceeds, keeping it well invested in the meantime, as •fast as they can do it, in view of the payments to be made.” After payments to the widow and mother, they are “ to pay the balance to my children in equal parts.” By the sixth clause what is not needed for investment to pay the annuities to the widow and mother is “ from time to time as the same may accumulate to warrant it to be paid in equal parts to such chil-dren,”
Under these provisions, and the authorities as I understand them, this was a conversion of the realty into personalty. Such conversion was in fact and in law, made by the executors and the proceeds of the sales divided as personalty. (Lent v. Howard, 89 N. Y., 172-7; Martin v. Sherman, 2 Sandf. Ch., 341; Power v. Cassidy, 79 N. Y., 602; Matter of Mahan, 32 Hun, 73, affirmed, 98 N. Y., 372; Flanagan v. Flanagan, 8 Abb., N. C., 413; Hatch v. Bassett, 52 N. Y., 369; Phelps v. Pond, 23 N. Y., 69, 71; Fisher v. Banta, 66 N. Y., 468; Hood v. Hood, 85 N. Y., 561; Bogert v. Hertell, 4 Hill, 492,) and is to be considered as personalty from the time of the testator’s death. (Lent v. Howard, supra; Roberts v. Corning, 89 N. Y., 226; Fisher v. Banta, 66 N. Y., 468; Stagg v. Jackson, 1 N. Y., 206; Fish v. Coster, 15 N. Y., Weekly Digest, 482; Kane v. Gott, 24 Wend., 659.) The legal title was in fact vested in the executors and trustees. (Morse v. Morse, 85 N. Y., 53; Tobias v. Ketchum, 32 N. Y., 319; Leggett v. Perkins, 2 N. Y., 297; Vernon v. Vernon, 53 N. Y., 358; Brewster v. Striker, 2 N. Y., 19.) The power of sale conferred on the trustees was absolute and •imperative without discretion, except as to the time and manner ,o£ performing the duty imposed. It was therefore a valid ex *355 press trust. (Cook v. Platt, 98 N. Y., 38), and tbe power to lease carried with it, and included the power to receive the rents accruing from its execution. (Morse v. Morse, 85 N. Y., 59.)
Even if the real estate were sold under a naked power the executors and trustees were still bound to consider the real estate as personalty and account for the personalty as such. In Lent v. Howard (89 N. Y., 177, supra;) there was no devise to the executors (see Will, page 172), and the executors acted under a simple power of sale. The rents and proceeds of real estate were held to be personal property in their hands, and they were held accountable therefor, (see also Marsh v. Wheeler, 2 Edw. Ch., 157; Bunce v. Vandergrift, 8 Paige, 37; Stagg v. Jackson, 1 N. Y., 206; Hood v. Hood, 85 N. Y., 561; Code Civil Procedure, § 2724, subd. 4.)
The real estate having come into the hands of the trustees, having been treated in all respects as personalty and accepted by the parties in interest as such, it seems clear to me it should be so considered for all purposes including the estimation of the commissions of the trustees.
In Cox v. Schemerhorn (18 Hun, 16), the supreme court in the second department held that where an executor sold real estate subject to mortgages he was entitled to commissions on the whole purchase price including the amount secured to be paid by the mortgages and is not limited to commissions on what remains after deducting the amount of the mortgages therefrom. It is not necessary here to consider whether so much of this case as holds the executor entitled to commissions on sums which the purchaser never pays, and he never receives or disburses, and as to which he never as any authority or liability, is sound or not. The case is clearly an authority that he is entitled to commissions on. what the purchaser pays, the executor receives and disburses. In Baucus v. Stover (24 Hun, 109), it was held in this department, more in accordance with my views of the law where an executor sells subject to a mortgage and neither receives nor pays anything by reason thereof, that where an executor, under a power in the will authorizing a sale for the division of the proceeds, sells real estate subject to mortgages existing thereon, at the time of the testator’s death, or sells the real estate free from the incumbrance, paying off such incum-brance from the proceeds of sale, he is only entitled to commissions upon the amounts actually received for the equity of redemption and cannot charge them also upon the amount of the property sold, (see opinion Bockes, J., page 114; Learned, J. page 115).
It is true this case was'reversed by the court of appeals (89 N. Y., 1), but on an entirely different point, leaving this point under consideration untouched as an adjudication.
In the Matter of Leggett (4 Redfield, 148), Calvin, Surrogate, *356 said (pp. 150-1) : “ It seems to me to be a too narrow construction to hold that section 71, aboye cited, confínes the allowance o£ full commissions to three executors and trustees to such estates as reach $100,000.00 oyer and above debts in. personalty. If commissions are to be allowed as a compensation for services rendered an estate by executors or trustees, whether for the receipt and disbursement of personal assets or the collection of rents and sale of lands, there seems to be no good reason why less should be paid for the latter than the former, as it may very often occur that the performance of the latter is much more laborious and troublesome. Obviously, the statute enlarging the commissions of executors in certain cases was based upon the idea that commissions on an estate of $100,000.00 under the former statute, was too small for the labor and responsibility of its administration, and that such an estate could afford to suitably reward a faithful trustee for its administration.
The provision that it shall amount to that sum, over and above all debts, points directly to this latter reason. That such a statute should not be strictly and literally construed, so as to unreasonably circumscribe its effect, is declared to be the rule in Mann v. Lawrence (3 Bradf. 425). Wagstaff v. Lowerie (23 Barb. 209), Matter of De Peyster (4 Sandf. Ch., 511).
“ These cases hold that trustees are entitled to commissions upon real estate held in trust. I am of opinion that a reasonable construction of the statute in question entitles the executors and trustees to three full commissions.”
In Savage v. Sherman (24 Hun, 307), it was held that “ trustees appointed prior to the passage of chapter 362 of the Laws of 1863, giving not to exceed three commissions to executors when the personal estate amounts to not less than $100,000.00, are Avithin the equity of that statute, and are entitled upon an accounting, had. subsequent to the passage thereof, to the commissions given by it Avhen the value of the estate vested in them, Avhether it consists of real or personal estate, or both, amounts to the sum therein named.” The decision of this case on appeal (87 N. Y., 277,287) did not question this portion of the decision of the supreme court, but on the contrary affirmed it.
In Phœnix v. Livingston (101 N. Y., 451), the fee of the lands vested in the beneficiaries, but the executors under a power of sale sold considerable real estate.
Rapallo, J. said (page 457) : “ Upon all sums of money thus realized and passing through their hands they Avere entitled to commissions; but the unsold lands, at the close of the trust, passed to the possession of the remainder men not through any title derived from the trustees but by force of the original devise.” See also Ward v. Ford, 4 Redfield, 47; Matter of Moffat, 24 Hun, 325.
The testator himself had it in his poAver to determine whether *357 his lands should be personal estate, whether the entire burthen of their care and management should be thrown upon his executors, whether they should be compelled to account for the proceeds, and whether these should be distributed as money among his beneficiaries. If he so chose it was legally personal estate from the time of his death, certainly in fact from the sale and conversion into money.
Having reached a conclusion ‘that the executors and trustees should be allowed three full commissions, it only remains to consider how they should be “ apportioned among them according to the services rendered by them respectively.” Under this provision each should be awarded the proportion thereof which the evidence shows he fairly earned. (Matter of Harris, 4 Dem., 468, 466; Hill v. Nelson, 1 Dem., 357, 862.
This cannot of course be ascertained to a mathematical certainty. The evidence shows that Mr. Buchanan was a lawyer residing at Albany, Mr. Wright a lawyer residing in New-York, and Mr. McLaren a merchant residing in Brooklyn doing business in New-York ; that Mr. Buchanan prepared all the papers and vouchers relative to the estate including the deeds of the real estate ; that he conducted the negotiations for the sale thereof and had the principal charge of such sales ; that he prepared the inventories and in several important matters conducted the negotiations for settlement. That Mr. Wright was frequently at Albany and Schoharie relative to the business of the estate and Mr. McLaren but a few times. It is evident from the situation of the estate and of Mr. Buchanan’s proximity of residence thereto, that the burthen of the labors fell upon him. Upon the whole, I think that three-twelfths of the commissions should be awarded to Mr. McLaren, four-twelfths to Mr. Wright and five-twelfths to Mr. Buchanan. The latter may not thus get a mathematical proportion, according to his services and responsibility, but it approximates justice as near as I can.