(27 Misc. Rep. 276.)

### HUBBARD v. HOUSLEY et al.

(Supreme Court, Special Term, New York County. April, 1899.)

1. WILLS—EXPRESS TRUSTS—RENTS AND PROFITS.

   A devise of real estate to testator's executors in trust, to take possession thereof and sell and divide the proceeds among his children, creates a valid trust in the executors to receive the rents and profits, under Laws 1896, c. 547, § 76, authorizing such a trust, and the estate does not vest in the devisees under section 77, which provides that it shall do so where the devise is for the purpose of sale without any power in the executor to receive the rents and profits.

2. SAME—SALE—DISCRETIONARY POWER.

   A devise of all testator's estate real and personal to his executors to convert the same, or such parts thereof as it may be necessary so to do, into money, and divide the proceeds among testator's children, does not confer merely a discretionary power, but creates in the executors an express trust to sell the real estate, under Laws 1896, c. 547, § 76, authorizing the creation of express trusts to sell real estate for benefit of legatees.

3. PARTITION—MOTION TO COMPLETE PURCHASE—OBJECTIONS—WAIVER.

   Where a purchaser at a partition sale obtains an adjournment of a motion to compel him to complete his purchase, on condition that he waive certain objections to alleged encroachments and discrepancies, if he finally has no other valid ones he cannot again raise such objections.

Action for partition by Josephine H. Hubbard against May L. Housley and others. Motion to compel purchaser to complete his purchase. Granted.

Henry Schmitt, for the motion.

Kurzman & Frankenheimer, opposed.

BOOKSTAVER, J. This is a motion to compel a purchaser at a partition sale to complete his purchase. The chief objection he raises to the marketability of the title offered him is that one William Noe had title to an undivided part of the premises in suit, but had not been made a party. The alleged title of Noe is claimed to have come to him as one of the heirs of his mother. In answer to this claim it is argued that no title descended to him by reason of the residuary clause of her will, which was as follows: ."I give, devise, and bequeath all the rest, residue, and remainder of the property and estate, real and personal, of which I shall be seised and possessed [which included the interest in dispute] * * * unto my executors * * * in trust, to take possession of my said residuary estate, and convert the same, or such parts thereof as it may be necessary so to do, into money, by public or private sale, * * * and to divide the net proceeds of my said residuary estate into four equal parts," one of which she further directed her

executors to pay to each of her children. The power and duty to sell, thus created, were never performed or exercised by the executors, except as hereinafter mentioned. The only executor who qualified was, however, made a party defendant in this action, which was brought by one of her children; and, after the sale therein, he executed a confirmation deed, purporting to be made in the exercise of the power conferred by the will, and which was tendered to the purchaser, together with the referee's deed, but was rejected on the ground that no title remained in the executor after the sale in the partition action, to which he had been made a party. The chief contention of the purchaser is that, under the clause of the will above quoted, the title to the fractional interest of the said William Noe remained in him, as son and heir of the testatrix, until the power of sale given in the will was exercised, and that, such power never having been exercised, the title was never devested from the heirs. Noonan v. Brennemann, 54 N. Y. Super. Ct. 337, is relied upon to support this contention. On the other hand, it is argued that the title vested at once in the executors, as trustees, under the above-quoted trust provisions of the will. The latter view is, in my opinion, the correct one. In Noonan v. Brennemann, supra, the will was very different from this. That contained only a bare direction to the executor to sell, without any devise to him whatever. Here there is a devise to the executors in trust, and, furthermore, in trust to take possession of the estate. In Lent v. Howard, 89 N. Y. 169, 176, Chief Judge Andrews said:

"It is undoubtedly true that the executors did not take a legal estate in the lands of the testator. They were vested simply with a power of sale, and, there being no specific devise of the lands, the title descended to the heirs of the testator, subject to the execution of the power [1 Rev. St. p. 729, § 56], and the right of possession followed the legal title."

Here there is a specific devise, and the right of possession is made emphatic. So, too, in Morse v. Morse, 85 N. Y. 53, it was said:

"We are of opinion that the will created a valid express trust in the executors, under the Revised Statutes, to sell lands for the benefit of legatees, under the second subdivision of section 55, before cited [subdivision 2 of section 76 of the present real property law (Laws 1896, c. 547)], and that the children of the testator took no title or estate in the land. * * * No particular formula of words need be used. * * * It is sufficient if the intention to create a trust, under the statute, can be fairly collected from the instrument, and what is implied from the language used is, as in other instruments, deemed to be expressed."

This applies all the more strongly to the present case, where there is explicitly created a trust to sell, and also clearly implied a trust to receive the rents and profits in the meantime. It is true the will does not employ the statutory language, "to receive the rents and profits" [Real Propery Law (Laws 1896, c. 547, § 76)], but the words "to take possession" plainly confer the power to receive the rents and profits; and consequently this is not a case within section 77 of the present law (being substantially section 56 of the old law), which reads as follows:

"A devise of real property to an executor or other trustee, for the purpose of sale or mortgage, where the trustee is not also empowered to receive the rents and profits, shall not vest any estate in him; but the trust shall be valid as a power, and the real property shall descend to the heirs, or pass to the devisees of the testator, subject to the execution of the power."

The claim that discretionary power only is conferred by the direction to convert such part of the residuary estate into money "as it may be necessary so to do" is not based on any good ground that I can discover. The language means that such part of the estate as should not, at the time of the death of the testatrix, be in the form of money or its substantial equivalent, should be so converted. Real estate, of all things, could not have been intended to be included in this exception. As to the objections to alleged encroachments and discrepancies, I do not think them important; nor do I think the purchaser is in a position now to raise them. An adjournment was procured by him on condition that he waive those objections, if he finally had no others. This must have meant no other valid ones, which, in my opinion, he has failed to present. The motion should be granted, with $10 costs.

Motion granted, with $10 costs.