(120 App. Div. 53)

## TOLOSI v. LESE.

(Supreme Court, Appellate Division, First Department. June 14, 1907.)

VENDOR AND PURCHASER—TITLE. OF VENDOR—MARKETABLE TITLE.

Under the terms of a will, there was no express devise of the premises to the executor and executrix. They were, however, expressly authorized to collect the rents and were given a power of sale. In a subsequent clause the premises were expressly devised to the children of the testatrix, and the executor and executrix were expressly directed, after executing the power of sale, to pay over to each adult child his share. The executor and executrix did not exercise their power of sale, but acquiesced in a partition sale in a proceeding instituted by the successor in interest of one of the legatees. There was no evidence of bad faith or of prejudice to the rights of any of the parties in the partition proceeding. Afterwards a purchaser refused to take title to the premises, on the ground that by the will the premises were devised in trust to the executor and executrix, and that the partition proceedings were void. *Held*, that the judgment in partition was binding upon all the parties in interest, until vacated in a direct proceeding, and that the likelihood of such an application and of its success after all the parties but one were of age and had received their shares of the proceeds of the sale, and the infants' share had been accepted and held by trustees in accordance with the provisions of the will, was too improbable to render the title to the premises unmarketable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 245, 246.]

Action by Antonietta Tolosi against Louis Lese. Submitted on an agreed statement of facts. Judgment for defendant.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Samuel H. Sternberg, for plaintiff.

Samuel Huntington, for defendant.

LAUGHLIN, J. On the 19th day of July, 1906, the defendant entered into an agreement, in writing, with the plaintiff's assignors, by which he agreed to convey to them certain premises described in the contract set forth in the submission, situate in the borough of the Bronx, in the city and county of New York. At the time and place fixed for closing title plaintiff's assignors refused to take title, upon the ground that under the will of one Anna Martha Reiss, under which the defendant claims title, "valid trusts were created in which the entire legal estate passed to the trustees under said will," and that the proceedings in a partition action instituted by the successor in interest of one of the devisees upon which defendant's

title depends were void. Other objections appear to have been made to the title, but they have been waived. It appears that the premises were owned by Anna Martha Reiss, who devised the same by will executed on the 12th day of July, 1901. She died on the 1st day of November thereafter, and her will was duly admitted to probate by the surrogate of the county of New York. The first clause in her will revoked former wills, and the second clause directed the payment of her debts and funeral expenses. The third and fourth clauses were as follows:

"Thirdly. I authorize, empower and direct my executors hereinafter named or the survivor of them or their successors to enter into and take possession of all my real estate, and to collect the rents, income and profits thereof, and to keep the buildings in suitable repair, and properly insured against fire or damage to plate glass, and to pay all taxes, assessments and lawful charges thereon, and to sell any or all of my said real estate at public or private sale at such time and for such price and upon such terms of cash or credit as they or the survivor or successor of them shall deem for the best interests of my estate, and to give good and sufficient deeds for the same.

"Fourthly. I direct my said executors after the sale of my said real estate to divide the proceeds thereof and also all my personal estate into seven equal parts or portions and to pay over one of such parts or portions to each of my children, viz., William, Louis, Katherine, John, Annie, Harry A., and Hattie W. upon their respectively arriving at the age of twenty-one years, and I give to each of my said children one equal seventh part of my said estate real and personal.

"If any of my said children shall be under the age of twenty-one years at the time of my decease, I direct my said executors to invest and to keep invested the shares of such minor children until they shall respectively reach the age of twenty-one years, and to apply the income on such shares respectively to the support, maintenance and education of such minors respectively during their minority."

In the fifth clause she appointed her son Louis, and her daughter, Katherine, executor and execu..rix, and letters testamentary were duly issued to them, and they duly qualified on the 19th day of November, 1901. The testatrix left her surviving seven children, four of whom were infants. The real estate left by the testatrix consists of three houses and lots, known as "Nos. 621, 623, and 625 Morris avenue," in the borough of the Bronx, city and county of New York. The executor and executrix collected the rents of the real estate until the premises were sold in partition. On the 20th day of June, 1902, William Reiss, one of the adult children and devisees of the testatrix, conveyed his interest, as devisee and legatee, to one George Hill, who on the 20th day of December thereafter conveyed the same to Catherine C. Hill. On the 22d day of December, 1902, said Catherine C. Hill commenced an action in the Supreme Court in the county of New York to partition the premises, and she made the children and devisees of the testatrix and the grantees of the adults who had conveyed and the executor and executrix parties defendant. It was alleged in the complaint that the plaintiff and the defendants were in possession of and held the real property as tenants in common, and the interest of each was specified. At that time one of the children, who was a minor at the time of the death of the testatrix, had attained his majority. It was alleged in the complaint that each of the three infant defendants was entitled to an undivided seventh

part or share, but that it was vested in the executor and executrix, as trustees, under the will, during the minority of the children, re-·spectively. The complaint demanded, among other things, that the executor and executrix account for the rents received by them. The executor and executrix, answering separately, both individually and as executor and executrix, respectively, put in issue the allegations of the complaint with respect to the shares and interests of the parties who derived title from the devisees of the testatrix. It appears that all necessary parties were before the court, and the infants were duly represented by guardians ad litem. The usual order of reference in partition was granted, and, on the coming in of the referee's report, the usual interlocutory judgment of partition and sale was entered, which contains the usual recitals showing, among other things, that notice of filing the report was duly served, that no exceptions had been filed thereto, and that due notice of application for judgment had been given. The court confirmed the referee's report, which stated the shares and interests of the respective parties as alleged in the complaint, and they were so set forth in the interlocutory judgment. It appearing by the referee's report that the premises were so situated that actual partition thereof could not be made without great prejudice to the owners, a sale was decreed and a referee was duly appointed to conduct the sale. On the 22d day of June, 1903, final judgment was entered in the usual form, and the referee was directed to complete the sale and execute the necessary deeds of conveyance. It appearing that three years had not elapsed since the issue of letters testamentary, the final judgment directed that the proceeds of the sale remaining after the payment of costs, allowances, referee's fees, expense of sale, taxes, assessments, water rates, and liens be paid into court by depositing the same with the chamberlain of the city of New York, to the credit of the parties entitled thereto in that action, to await the further order of the court, and it adjudicated and specified the shares and interests of the respective parties as alleged in the complaint and recited in the interlocutory judgment. The referee, pursuant to the final judgment, duly executed and delivered conveyances of the premises to the purchaser, and by mesne conveyances the title thus conveyed passed to the defendant prior to the execution of the contract with plaintiff's assignors.

The plaintiff contends that, owing to the alleged existence of the trust, the title is not marketable, and seeks to recover the down payment. The defendant claims that the title is good and demands judgment accordingly. The learned counsel for the plaintiff contends that the real estate was in effect devised to the executor and executrix in trust, with a power of sale, and that, inasmuch as they have not exercised that power of sale, the trust still continues. The learned counsel for the defendant contends that there was no devise to the executor and executrix, and that the only devise was to the children, which gave them a standing to maintain partition, and that these questions were necessarily adjudicated in the partition action.

Counsel for the plaintiff relies principally upon the cases of Harris v. Larkins, 22 Hun, 488, and Morse et al. v. Morse et al., 85 N. Y. 53. The Harris Case is clearly distinguishable upon the ground that

the question there arose in the partition action, on the objection of the purchaser, to completing his purchase. The court held that the premises were devised to the trustee and that the plaintiff, who was the widow of the testator, had no vested interest. The premises were expressly devised to the trustees in trust for the use of the widow during life, and the trust continued after the death of the widow for the benefit of the testator's daughter. The trustees failed to appear in the action, and were censured therefor by the court. The court evidently was of opinion that the action was brought collusively to defeat the trust, which the testator had created to continue during the life of his wife and daughter. The widow did not have even colorable right to maintain partition, and the rights of third parties had not intervened. The Morse Case is distinguishable upon the ground that there the question also arose in the partition action, which was resisted upon the ground that no title vested in the plaintiff and that the title vested in the trustee, and that partition would defeat the purpose of the testator. In that case the property consisted of a farm and some personal property. The testator first devised five-sixths of his residuary estate to five of his children in equal shares, and the remaining one-sixth he devised to a trustee for the use of another son. By the final clauses of the will he authorized and empowered his executor to sell and convey the real estate "at such time and in such manner as he shall think it proper for the interests of my estate and to rent and lease the same until thus sold." In the case at bar it will be observed that there was no express devise of the premises to the executor and executrix. They are, however, expressly authorized to collect the rents and were given a power of sale; but in a subsequent clause the premises are expressly devised to the children, and the executors are expressly directed, after executing the power of sale, to pay over to each adult child his one-seventh share. There is nothing to indicate that the partition action was collusive. The executors were given power of sale, and, if they had exercised it, the proceeds of the sale would have been forthwith distributable precisely as they have been distributed under the judgment in the partition action. Therefore, while there may be room for doubt as to the true construction of the will with respect to the vesting of the title in the adult children before sale by the executors, there can be no doubt that upon a sale they became forthwith entitled to their interests. If the executors objected to a sale of the premises at that time, they could have raised the question by their answer. They at most acquiesced in a sale of the premises by judicial proceedings, instead of exercising the power of sale given to themselves.

Since they had actually to sell, there is no ground for inference that partition was resorted to or was suffered without objection through any collusion. If a sale was what the executors deemed advisable, they could have made it themselves, and therefore there was no occasion for collusion. In any view, there was no trust except for the infants which they could not terminate at will, and their acquiescence in partition indicates their willingness to have the other trust, if any, terminated. Moreover, I am of opinion that the construction of the will was necessarily involved in the partition action, even though not actually litigated by the parties. The will was before the court. The

plaintiff alleged that she and the defendants were tenants in common of the premises, and with all the parties in interest before it the court adjudicated upon their interests and decided that they were tenants in common. That decision could only be made upon the theory that under the will the title vested in the children and not in the trustees. In my opinion, it will not do to hold at this late day that the judgment in the partition action was void. I think it cannot now be thus collaterally attacked, even though we may be of opinion that the decision was erroneous. All parties are now of age, excepting one, and have received their proportionate shares of the proceeds of the sale, and the share of the infant has been accepted and is held by the trustees in accordance with the provisions of the will as if the sale had been made pursuant to the power of sale given to the executor and executrix. There is no evidence of bad faith or of prejudice to the rights of any of the parties. It is manifest that the judgment in partition should only be attacked by a direct application in the action, and a tender of restitution. It is not so clear that the will vested title in the executors that it can be said that the decision was erroneous.

There was room for the contention, which is made here, that the preceding clause of the will authorizing the executors to collect the rents and giving them authority to execute a power of sale, is inconsistent with the subsequent clause devising the property to the children, and for the invocation of the rule that in such case the later clause prevails. I am of opinion that the judgment in partition is binding and conclusive upon all of the parties in interest, until vacated or set aside in a direct proceeding, and that the likelihood of such an application at this late day and of its success are too improbable to render the title to those lands unmarketable.

It follows that the defendant should have judgment according to the agreed case. All concur; SCOTT, J., in result.