(63 Misc. Rep. 533.)

### HAMILTON v. HAMILTON.

(Supreme Court, Special Term, New York County. June, 1909.)

EXECUTORS AND ADMINISTRATORS (§ 129*)—TITLE TO REAL PROPERTY—PARTITION—PARTIES.

Testator gave the residue of his estate to his children, subject to the life estate of his widow in one-half thereof, authorizing the executors during the minority of any child to sell or mortgage his interest, and to sell testator's real estate on the expiration of the trust term, and to divide his estate among the persons then entitled to it, and during the trust term to reinvest the trust fund. *Held,* that the will confers upon the executors such an interest in the real property as, under Real Property Law (Laws 1896, p. 571, c. 547) § 76, would entitle them to be substituted as plaintiffs in an action for partition commenced by testator.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 533; Dec. Dig. § 129.*]

Action by Schuyler Hamilton against William P. Hamilton. Motion, on death of plaintiff, to substitute his executors as plaintiffs. Motion granted.

Henry Staton, for plaintiff.
Edward R. Vollmer, for defendant.

GUY, J. This action was brought by one Schuyler Hamilton for the partition of certain real property. After the defendants had been served, and all had appeared or defaulted, the plaintiff died. The present motion seeks to substitute, as parties plaintiff, the executors of the deceased plaintiff; and the motion is opposed on the ground that the will of the decedent does not create a trust, and the executors cannot maintain the action, being neither joint tenants nor tenants in common. The fifth clause of the will provides as follows:

"I give, devise and bequeath all the rest, residue and remainder of my property, both real and personal, of whatsoever kind and wheresoever situated or being, of which I shall die seised or possessed, over or with respect to which I shall have any power of disposition or appointment at the time of my death to my daughter, Alexandra Schuyler Hamilton, and to such child or children as shall be born to me, either prior to or after my decease, by my wife, Emma Gray Hamilton, in equal portions, share and share alike, and if there be no such child or children, then to Alexandra Schuyler Hamilton absolutely, subject, however, as to an undivided one-half of said property, both real and personal, to the right of my wife, Emma Gray Hamilton, to have, hold, use and enjoy the same, and to receive and use the net rents, income and profit thereof during the term of her natural life, for which said term I hereby give, devise and bequeath the said undivided one-half of said property, both real and personal, to her as life tenant thereof. I authorize and empower my executors, hereinafter named, or such of them as shall qualify, or the survivor of them or their successors, during the minority of any infant to whom real estate or any interest therein, including an expectant estate, shall be given pursuant to the terms of his will, to sell or mortgage his or her said real estate or interest or expectant estate therein. I authorize and empower my said executors and trustees, or such of them as shall qualify, in their discretion, to sell my real estate of which I may die seised, and I also authorize them, upon the expiration of the said trust term, to partition and divide my estate among the persons who shall then be entitled thereto. And

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

I further authorize and empower my said executors and trustees, during the said trust term, in their discretion, to invest and reinvest the trust fund," etc.

The rule laid down in Morse v. Morse, 85 N. Y. 60, that "the test is whether the instrument confers upon the trustee an authority in respect to the land, and the power is conferred to accomplish one of the purposes mentioned in the fifty-fifth section of the statute" (1 Rev. St. [1st Ed.] p. 728), seems to be decisive of this motion. While the will is somewhat indefinite in its terms, I think it may be fairly gathered from the wording of the instrument that the decedent intended to, and did, create a trust.

The motion, therefore, is granted.